## ALLER–WILMES JEWELRY CO. v. OSBORN.

(Circuit Court of Appeals, Eighth Circuit.    March 28, 1916.)

### No. 4572.

1. BANKRUPTCY ☞407(5)—DISCHARGE—GROUNDS FOR REFUSAL—"MATERIALLY FALSE STATEMENT."

A statement, to be materially false, so as to justify the refusal of a discharge to a bankrupt, under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550, as amended by Act Feb. 5, 1903, c. 487, § 4, 32 Stat. 797 (Comp. St. 1913, § 9598), must be not only false in fact in a material matter, but must have been with the intention to deceive.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ☞407(5).

For other definitions, see Words and Phrases, Second Series, Materially False Statement.]

2. BANKRUPTCY ☞467—REVIEW—FINDINGS.

The finding of the lower court that a false statement made by the bankrupt as to his debts was not made with intention to deceive is presumptively correct, and must be sustained on appeal, unless an obvious error of law or serious mistake of fact appear, especially where both the master and trial judge reached the same conclusion.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 929; Dec. Dig. ☞467.]

Appeal from the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburg, Judge.

In the matter of Alexander H. Osborn, bankrupt. From an order of the District Court, discharging the bankrupt, the Aller-Wilmes Jewelry Company, an objecting creditor, appeals. Affirmed.

G. M. Sebree, of Springfield, Mo. (W. J. Orr, of Springfield, Mo., on the brief), for appellant.

J. T. White, of Springfield, Mo. (W. H. Horine, of Springfield, Mo., on the brief), for appellee.

Before HOOK and ADAMS, Circuit Judges, and ELLIOTT, District Judge.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ADAMS, Circuit Judge. This is an appeal from an order of the District Court of the United States for the Western District of Missouri, discharging Osborn, the bankrupt, from the payment of his debts. When the bankrupt filed his application for a discharge, the jewelry company, one of his creditors, entered its appearance in opposition to it, and in due time specified its grounds therefor as follows:

"That the said Alexander H. Osborn did obtain property on credit from the objector upon a materially false statement in writing, made to the objector for the purpose of obtaining such property on credit, in this: That on the 13th day of August, 1912, the said Alexander H. Osborn did write to the objector as follows: 'I am frank with everybody, as there are no secrets in my business. I have never misrepresented my affairs to any one, as it would be sure road to failure. Your account and C. B. Norton is the extent of my indebtedness, except a few scattering hundred dollars.' That relying upon said written statement the objector thereafter at various times between the dates of September 6, 1912, and May 9, 1913, sold and delivered to the said bankrupt goods, wares, and merchandise on credit to the amount and value of $2,064.09, which account is long past due and unpaid. That said statement was materially false, in this: That when it was made, to wit, on the 13th day of August, 1912, the said bankrupt was indebted to A. H. Osborn, Sr., in the amount of $12,700, and was also indebted to Mrs. Elsie Osborn in the sum of $5,000. That at said time the said A. H. Osborn, Sr., and Mrs. Elsie Osborn held bankrupt's notes for money loaned him aggregating the amounts due each as above stated. That said notes were valid and subsisting claims against him, and were all proved up and allowed in the bankruptcy court, and participated in dividends distributed by bankrupt's trustee."

The issue so created was referred to a special master to hear the proof and report it, with his findings, to the court for its information. The proof was made, and the special master reported it to the court, with his finding adverse to the contention of the objector. Exceptions having been duly filed, the judge, after a full hearing and consideration thereof, overruled them, confirmed the report, and entered an order discharging the bankrupt; hence this appeal.

[1] Section 14(b) of the Bankruptcy Act, as amended on February 5, 1903, enacts that:

"The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by * * * parties in interest, at such time as will give * * * parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application and discharge the applicant unless he has * * * (3) obtained property on credit from any person upon a materially false statement in writing, made to such person for the purpose of obtaining such property on credit. * * *"

From this it appears that the written statement must have been (1) materially false, and (2) made for the purpose of obtaining property on credit. A statement, to be "materially false" within the meaning of this statute, must be not only false in fact in a material matter, but must have been made with the intention to deceive. Gilpin v. Merchants' National Bank, 91 C. C. A. 445, 165 Fed. 607, 20 L. R. A. (N. S.) 1023; Firestone v. Harvey, 98 C. C. A. 420, 174 Fed. 574; Peck Co. v. Lowenbein, 101 C. C. A. 498, 178 Fed. 178. And such statement must have been made for a certain specified purpose, namely, "to secure property from another on credit."

[2] The writing of the letter, set out in the specification of objec-

tions by the objector, is admitted. It is also admitted that at the time of writing the letter the bankrupt owed his father and his mother a large amount of money, not disclosed in the statement, practically as specified by the objector, and that the bankrupt, after writing the letter, purchased goods of the appellant on credit. Based on these admissions and some other evidence, the appellant, invoking the doctrine that one must be held to intend the natural consequences of his acts, insists that the discharge should have been refused to the bankrupt. He, on the other hand, contends that the proof, taken as a whole, fails to establish that the statement was made with the intent to deceive, or that it was made for the purpose of obtaining property on credit. On this issue the special master made these special findings:

(1) "That Beard [traveling salesman of the appellant] knew when he took the orders in September, 1912, that Osborn was indebted to his parents. Osborn explained that to Beard in connection with his asking for credit, and Beard by letter to and in conversation with Aller reported same to him. Beard knew that Osborn was the only child of his father, who was wealthy, quite old, in poor health, and that Osborn would likely inherit his fortune. Beard relied largely on that in recommending Osborn for credit, that he would come into possession sooner or later of a large estate, and communicated these facts to Mr. Aller, the president and principal credit man of the company. Beard came to Springfield, and called on Osborn four or five times a year."

And—

(2) "There was no intent on the part of Osborn to deceive or mislead the company, nor to conceal from it the indebtedness to his parents, nor was he seeking to establish a basis of credit, nor was the statement made for the purpose of obtaining property or money on credit. Nor was the statement actuated by any fraudulent purpose on the part of Osborn."

The learned trial judge of the court below, upon exceptions taken to the master's report, made the following statement:

"After hearing the extended arguments of counsel, and a careful reading of all the testimony and exhibits in the case, together with the briefs and memoranda of counsel, I am of the opinion that the findings and conclusions of the special master are correct, and that his report should be confirmed. Not only have the objecting creditors failed to carry the burden that these findings involve gross mistake of facts or error of law, but, on the contrary, the court feels impelled to the same conclusion upon independent examination."

After analyzing and discussing the facts reported to him by the master, the court concludes:

"As I have said, I think the whole record sustains the finding of the special master that this statement was not made with the intent and purpose to deceive and thereby to obtain from the person to whom it was made property upon credit. The discharge should be granted accordingly."

In view of the manifestly critical analysis of the testimony by the master, as well as by the trial judge, and because it appears to us, after a careful consideration of the case, that there is abundant evidence tending to sustain the conclusions so reached, we are disposed to apply the rule repeatedly laid down by this court that when the chancellor has considered conflicting evidence and made his findings and decrees thereon, they are presumptively correct, and, unless

an obvious error of law or some serious mistake of fact appears, the findings and conclusions so reached must be sustained. This is especially true when both the master and the trial court agree. Nichols v. Elken et al., 140 C. C. A. 563, 225 Fed. 689, and cases cited.

Judgment is affirmed.