### BANK OF COMMERCE & SAVINGS v. MATTHEWS.

### In re MATTHEWS.

(Circuit Court of Appeals, Seventh Circuit. January 21, 1919. Rehearing Denied March 4, 1919.)

#### No. 2657.

1. BANKRUPTCY ⬥407(5)—DISCHARGE—MONEY OBTAINED BY MEANS OF A MATERIAL FALSE STATEMENT IN WRITING.

Credit extended to a bankrupt by a bank through its cashier, who knew that the bankrupt was then insolvent, and who was acting solely in his own and the bankrupt's interest, was fraudulent and voidable, and the bank was not bound by its cashier's fraud, and could claim that the money was obtained by means of a material false statement in writing as to money not checked out, where the directors of the bank examined note signed by bankrupt and false financial statement attached thereto, and, relying thereupon, approved the loan.

2. BANKRUPTCY ⬥468—QUESTIONS OF FACT—REMANDING CASE.

On appeal from an order discharging a bankrupt over an objection that the bankrupt had obtained money by means of a materially false statement in writing, where it was found that the master had erred in finding that the false statement was not relied upon by the bank in extending the credit, and it appeared the master had made no finding as to whether the statement in writing was known to be false by the bankrupt, a finding by the trial judge from the printed record that the bankrupt did not read the statement or know its contents will not be allowed to stand, and the order of discharge will be reversed, so that the uncontradicted testimony of the bankrupt to such effect can be heard and its truth decided upon an observation of the witness, as well as upon his testimony.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the District Court of the United States for the Eastern District of Illinois.

In the matter of Walter S. Matthews, bankrupt. From an order discharging the bankrupt, the Bank of Commerce & Savings appeals. Reversed and remanded.

Charles R. Brown, of Chicago, Ill., for appellant.
A. B. Dennis, of Danville, Ill., for appellee.

Before BAKER, MACK, and EVANS, Circuit Judges.

MACK, Circuit Judge. Discharge was granted appellee over appellant's objection alleging in substance that he had obtained certain money by means of a materially false statement in writing made by him to it for the purpose of obtaining the credit from it.

The special master, finding that the statement was not relied upon by the bank in extending the credit, recommended for this reason that the objection be overruled and the discharge granted. The District Judge, in approving the report and granting the discharge, based his conclusions upon his finding from the evidence that the bankrupt did not read the statement or know its contents, that he relied entirely upon the bank cashier to prepare a correct statement, and that, while the statement was untrue, the bankrupt had no intention of signing the false statement.

The undisputed facts as disclosed by the record are that the bank cashier, who, some time after the loan was made, absconded, had been the bankrupt's financial agent and was better acquainted with his affairs than the bankrupt himself. He alone acted, so far as the bank was concerned, in the granting of the loan. No one else was consulted. While the loan was made on a note of $5,000 signed by the bankrupt, only $1,500 of it was intended for or inured to the latter's benefit. The other $3,500 went to the cashier. The cashier prepared the financial statement which he had the bankrupt sign at the time that the $5,000 note was signed, telling him that it was a mere matter of form and that he himself would put up bank stock as collateral.

The bankrupt testified that he had not read the statement, did not know its contents, acted entirely and completely in reliance upon the cashier (whose real character at that time had not been discovered), and that, if he had known the contents of the statement, he would not have signed it.

[1] 1. If the money had been paid out at the time the note was executed, the conclusion of the special master that the loan was not made in reliance upon the statement would be sound. But the money was not then paid; the bank merely extended a credit to the bankrupt on its books. This credit, thus obtained through the cashier, who knew that the bankrupt was then insolvent, and who was acting solely in his own and the bankrupt's interest, was fraudulent and voidable. The bank under these circumstances was not bound by its cashier's fraud.

Subsequently, and before all of the money had been checked out by the bankrupt, the directors examined the note, the financial state-

'ment attached thereto, and thereupon, clearly in reliance upon the false financial statement, approved the loan. The remaining unused credit subsequently checked out was therefore clearly extended at that time in reliance upon the statement. The master's finding is therefore erroneous.

[2] 2. Exception was taken to the master's report on the ground that he failed to find that the bankrupt knew that the statement made by him was false, and that it was intentionally so made. The master alone saw the witnesses. The determination of this question depended upon his judgment as to the credibility of the bankrupt. The bankrupt's direct statement as to the facts bearing thereon was not contradicted. If, seeing and hearing him, the master believed his story, a finding that the statement was not knowingly and intentionally false would have been proper; but, on the other hand, if the master did not find the bankrupt's testimony to be credible in this respect, the contrary finding would have been proper. We should have felt ourselves bound under all of the circumstances by the master's conclusion of facts on this point.

Under modern practice, as sanctioned by the new rules in equity, testimony is ordinarily taken orally instead of by deposition. A better opportunity is thus afforded to determine questions of fact dependent upon the veracity and credibility of witnesses. In this case, the trial judge, who found this ultimate fact in accordance with the bankrupt's testimony, did not have this opportunity. While we cannot say from the printed record that his conclusion is erroneous, nevertheless, in our judgment, full and complete justice can be done to all parties only if the finding be based upon an observation of the witnesses as well as upon the testimony.

The order will therefore be reversed, and the cause remanded to the District Court, with direction either to remit the matter again to the master for further report and findings on the evidence taken heretofore, together with such additional evidence as he may deem it proper to permit either party to present, or to take testimony in the District Court upon the question of the bankrupt's knowledge and intent.