## In re CROONBORG.

## CROONBORG v. RUBOVITS.

(Circuit Court of Appeals, Seventh Circuit. June 29, 1920.)

No. 2759.

**Bankruptcy ⚷414(3)—Evidence held not to warrant refusal of discharge.**

On evidence that the property, for failure to schedule which bankrupt was denied discharge by the lower court, in fact belonged to the bankrupt's wife, *held*, that the bankrupt was entitled to discharge as recommended by the special master.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Frederick T. Croonborg, bankrupt. From an order denying the bankrupt his discharge, on opposition of Toby Rubovits, objecting creditor, the bankrupt appeals. Reversed, with directions.

Wharton Plummer, of Chicago, Ill., for appellant.

James Rosenthal, of Chicago, Ill., for appellee.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Is the bankrupt, Croonborg, entitled to an order discharging him from his debts? This issue was referred to a special master, who, after a full hearing, recommended a discharge. A further reference resulted in a confirmation of this recommendation. The District Judge, however, sustained the exceptions and denied the application.

The issue, reduced to its last analysis, is one of credibility. Bankrupt, who failed to schedule the property belonging to "Croonborg Fashion Co., Ltd.," and the "Croonborg Academy," insists that he was but the manager of the business—his wife being the proprietor, she succeeding a partnership composed of herself and one Sauter. Much of the testimony is irreconcilable. Croonborg's and his wife's statements are disputed by one Sauter, a creditor and a former partner. Sauter's testimony is disputed in turn by the written agreement between himself and Mrs. Croonborg, creating the partnership between them, and by his later written assignment of his interest in the partnership to Mrs. Croonborg. These agreements, made some two years before any bankruptcy proceedings were instituted, are rather persuasive evidence of the truthfulness of bankrupt's story.

But more persuasive is the sworn statement appearing in the "Croonborg Gazette of Fashion," the publication of which represented the business of the Croonborg Fashion Company. This publication passed through the mails as second-class matter, and an affidavit of ownership was required by the postal authorities. Bankrupt, as manager, made the affidavits which covered a period of several years prior to the commencement of bankruptcy proceedings. Mrs. Croonborg and Sauter were named as owners in 1913 and 1914, and thereafter Mrs. Croon-

⚷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

borg was designated therein as the sole owner. This statement corroborates the oral testimony of bankrupt and his wife, and is in turn corroborated by the written agreements heretofore referred to. Made under such circumstances, safeguarded by penalties which the maker of the affidavit would not readily invoke, we think these affidavits were entitled to great weight, and furnished the master with ample grounds for his conclusions.

It is hardly necessary to discuss the evidence further. Numerous facts appear that are not creditable to the bankrupt. But upon the issue before us we are not able to agree with the learned District Judge that the special master was wrong in his conclusions. Aided as he was by the presence of the parties and their witnesses, whose conduct and appearance on the witness stand must have influenced him in reaching his conclusion, we must recognize that he was in a better position than we to ascertain the truth. In re Matthews, Bankrupt, 257 Fed. 292, 168 C. C. A. 376.

The order is reversed, with directions to enter an order granting bankrupt a discharge.