In re MATTHEWS.

BANK OF COMMERCE & SAVINGS v. MATTHEWS.

(Circuit Court of Appeals, Seventh Circuit. January 4, 1921. Rehearing Denied March 30, 1921.)

No. 2827.

Bankruptcy ⬤⟜407(5)—False property statement, negligently made, does not prevent discharge.

The fact that the bankrupt made a statement of his property, which was admittedly false, in order to obtain credit, does not prevent discharge,

where the District Court found on sufficient evidence that the statement was not fraudulently made, but was negligently made to one who had full knowledge of the bankrupt's affairs, and who prepared the statement, which was signed by the bankrupt without reading it.

Appeal from the District Court of the United States for the Eastern District of Illinois.

In the matter of Walter S. Matthews, bankrupt. From an order granting the discharge of the bankrupt, the Bank of Commerce & Savings appeals. Affirmed.

Charles R. Brown, of Chicago, Ill., for appellant.

George H. Grear, of Chicago, Ill., and A. B. Dennis, of Danville, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

EVANS, Circuit Judge. Was the bankrupt, Matthews, entitled to an adjudication discharging him from his debts? This is the second time this question has been presented to this court. In the former opinion (257 Fed. 292, 168 C. C. A. 376) the cause was remanded with directions—

"either to remit the matter again to the master for further report and findings on the evidence taken heretofore, together with such additional evidence as he may deem it proper to permit either party to present, or to take testimony in the District Court upon the question of the bankrupt's knowledge and intent."

Pursuant to these directions, the issue was referred to the same master, who, without taking additional testimony, found adversely to the bankrupt. Upon review, the District Court heard oral evidence and made the following finding:

"Upon coming in of the report of the said special master, the bankrupt was summoned into court, and at the request of the court was personally interrogated and testified concerning and touching the matters set forth by objectors and urged as reasons why the said bankrupt should not be discharged. * * * I am unable to agree with the special master and the contention of counsel for objectors that bankrupt made statement with intent to defraud the objectors. While the careless way and manner which was adopted by the bankrupt, and which seems to be characteristic of him, doubtless is subject to severe criticism, yet there does not seem to be anything done or intended on the part of the bankrupt that would warrant this court in refusing to grant the petition for discharge."

The discharge was thereupon granted.

From our examination of the evidence, we are unable to say this finding was erroneous. That a false property statement was made is conceded. But bankrupt says that he neither read the statement nor knew its contents. As an excuse for this negligent action, he says he was dealing with one who knew the state of his affairs fully as well as, or even better than, he knew them. His friend and business adviser, the cashier of the bank from which the loan was made, prepared the statement, and he claims that he signed it without question, without reading it, and without having its contents told to him.

The judge who saw him on the witness stand and heard his testimony is in a far better position than we to determine the truth or falsity of

this story. We are satisfied that the judge appreciatingly applied the rule of law applicable to the controversy (Gilpin v. Merchants' National Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. [N. S.] 1023; International Harvester Co. v. Carlson, 217 Fed. 736, 133 C. C. A. 430; In re Rosenfeld [C. C. A.] 262 Fed. 876), and the order, therefore, must be and is hereby affirmed.