## In re GOULD.

## GOULD v. J. W. BUTLER PAPER CO.

### (Circuit Court of Appeals, Seventh Circuit. June 27, 1921.)

### No. 2899.

1. Bankruptcy ⚮467—Findings against bankrupt's right of discharge held not to be disturbed, if supported by evidence.

Findings against a bankrupt's right to discharge, on evidence on issues as to his making a false statement of his financial condition to secure credit, and making a false statement when examined in respect to property statement, will be sustained on appeal, if there is evidence, though disputed, to support them.

2. Bankruptcy ⚮407(5)—Statements by bankrupt held not to warrant refusing discharge.

Statements, to secure credit, as to property, *held* not so willfully or materially false as to warrant refusal of discharge.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Arthur Gould, bankrupt. From an adverse decree, on objections by the J. W. Butler Paper Company to his discharge, the bankrupt appeals. Reversed, with instructions to grant discharge.

Melvin M. Hawley, of Chicago, Ill., for appellant.

L. A. Peck, of Chicago, Ill., for appellee.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Appellant, Gould, sought, but was denied, a discharge of his debts in the bankruptcy court. The referee found that he (a) had made a false statement of his financial condition for the purpose of securing credit, and (b) had made a false statement when examined in respect to the written property statement.

[1] The findings against appellant on both of these issues will be sustained, if there is evidence, though disputed, to support them. In re Croonborg (C. C. A.) 268 Fed. 352; In re Matthews (C. C. A.) 272 Fed. 263. Our examination of the record, however, convinces us that appellant has not presented a question of disputed evidence, but rather a question of the effect to be given to undisputed evidence.

[2] Appellant for some 10 years conducted a business, which he owned, under the name of "Advance Thought Publishing Company." His wife for some 12 years owned and conducted a separate business, under the trade-name of "Yogi Publishing Society." In 1916 she was compelled to surrender the active control of it to appellant, who assumed its management and paid her a royalty.

Shortly thereafter, appellant sought a credit from appellee for a small amount, and at the request of the latter's credit man furnished a written statement, the one here in question. He also gave Mr. Grace, the credit man, a list of references. Mr. Grace was unable to recall the conversation, but said he made inquiry concerning appellant's standing,

⚮For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and, finding all reports favorable, extended the credit, which was later increased, adding that he had extended the credit upon the basis of the written statement and the reports he received from others.

The written statement was made upon one of appellee's blanks, which contained many questions calling for specific and detailed information as to assets, liabilities, and volume of business. In the anwers to the specific queries, no misstatement was made. Admittedly, the answers were true. The statement was signed: "Yogi Publishing Co., A. Gould." It was headed: "Name, Yogi Publication Co. Personnel of firm, A. Gould, owner." It is apparent, from the foregoing alone, that appellant filled out the blank and gave the assets and liabilities of his company, the Advance Thought Publishing Company, but the name of the company was given as Yogi Publishing Company.

At the time the statement was delivered, appellant explained to Mr. Grace that he was acting for the Advance Thought Publishing Company, and not for the Yogi Publishing Society, which was owned by his wife, but temporarily managed by him. Credit was given to the Advance Thought Publishing Company, bills were made out to it, and notes taken thereafter were executed by the Advance Thought Publishing Company, of which Gould was the owner.

In reference to the false statement made at one of the hearings, it appears that appellant was asked whether he had not made a statement wherein he claimed to be the owner of the Yogi Publishing Society. He replied in the negative. He was not permitted to see the statement until after the answer was given. When the statement was presented to him, he promptly admitted signing it, but explained that it was the statement of the Advance Thought Publishing Company, and that the error in the name, before any business transactions occurred, had been explained to appellee's credit man, who had stated that it was not necessary to correct it.

Undisputed by appellee's credit man, this story must be accepted as a verity. In fact, appellee's conduct in opening its account with the Advance Thought Publishing Company, and its acceptance of such company's notes thereafter, strongly confirm the story. Still more conclusive is the detailed information of assets and liabilities of the Advance Thought Publishing Company alone appearing.

There is not, under these circumstances, room for doubt that no such false statement as will defeat a discharge in bankruptcy was made. 7 Corpus Juris, 371–373; In re Marcus, 203 Fed. 29, 121 C. C. A. 393; In re Rosenfeld (C. C. A.) 262 Fed. 876; Aller Wilmes Jewelry Co. v. Osborn, 231 Fed. 907, 146 C. C. A. 103. In fact, some false statements, if promptly corrected before the witness leaves the stand, will not justify a refusal to grant a discharge. 7 Corpus Juris, 373. But it is hardly possible to announce any hard and fast rule that will govern all cases of corrected testimony. In the instant case, however, the written statement had been made about 18 months before the date of the inquiry. The witness did not deny making a written statement, and, when confronted by the answer in the document above set forth, made the explanation, which stood undisputed and unimpeached thereafter.

We conclude the burden resting upon the creditor to prove the facts necessary to defeat a discharge has not been overcome.

The order is reversed, with instructions to grant appellant a discharge.