18 F.(2d)—22

In re HATFIELD.

(District Court, W. D. Missouri, Southwestern Division. June 1, 1926.)

No. 906.

1. Bankruptcy ⚖➡407(6)—Bankrupt's signing of financial statement approximately accurate, but failing to show contingent liabilities which ripened into claims against him, held not to preclude discharge.

That bankrupt, at time of becoming surety on note payable to objecting creditor, signed a financial statement which reflected with approximate accuracy the true condition of his personal obligations, but failed to show his liability as indorser or security on indebtednesses which later ripened into claims against him, *held* not to preclude discharge, on ground that he made false statements in writing for purpose of obtaining credit, there being no intent to defraud.

2. Bankruptcy ⚖➡407(10)—Intent to defraud must be shown to bar discharge on ground of false statements made to obtain credit.

Intent to defraud is essential, and must be shown, in order to prevent discharge of bankrupt on ground that he has made false statements in writing for purpose of obtaining credit.

In Bankruptcy. In the matter of the bankruptcy of Edward M. Hatfield. On report of special master, to whom objections to discharge were referred. Report recommending discharge confirmed.

A. H. Garner, of Joplin, Mo., for bankrupt.

D. S. Mayhew, of Monett, Mo., for First National Bank of Pierce City.

REEVES, District Judge. Objections were filed to the discharge of the bankrupt upon the ground that he had made false statements in writing for the purpose of obtaining credit. Upon such specification of objections the matter was referred to Hon. J. C. Ammerman, referee in bankruptcy of the Southwestern division of this court, as special master. Testimony was taken before the master, and his report has been filed recommending the discharge of the bankrupt. The master's report contains a finding of facts and his conclusions of law. According to the master the testimony failed to show that the bankrupt had made a false statement, and, moreover, that even so such statement was not designedly made for the purpose of deceiving complaining creditor.

[1] An examination of the testimony fully sustains the finding of facts made by the special master. The statement alleged to have been made by the bankrupt was a financial

statement, signed but not written by him at a time he was about to become surety on a note for $300 payable to the objecting creditor. Objector understood the circumstances under which said note was signed, and, although the bankrupt appeared as a joint maker, yet he was not so in fact.

[2] The statement made by him at the time reflects with approximate accuracy the true condition of his own personal obligations. He was involved as an indorser or security on indebtedness which finally ripened into claims against him, but apparently such items were not then treated as indebtedness to be scheduled by the bankrupt. Moreover, no intent to defraud was shown, and this is essential under all the authorities. Collier on Bankruptcy (13th Ed.) p. 555.

In the case of Aller-Wilmes Jewelry Co. v. Osborn, 231 F. 907, the Circuit Court of Appeals, Eighth Circuit, specifically held that "a statement, to be materially false, so as to justify the refusal of a discharge to a bankrupt, * * * must be not only false in fact in a material matter, but must have been with the intention to deceive." This opinion has been followed and cited approvingly by the District Court of New Jersey in Re Perlmutter et al., 256 F. 862; also by the Circuit Court of Appeals, Seventh Circuit, in Re Gould, 275 F. 827.

The findings and conclusions of the special master were correct, and will be confirmed. It is so ordered.