## In re HARGROVE.

### No. 16071.

District Court, N. D. Georgia.
Nov. 14, 1931.

Ripley & Bailey, of Atlanta, Ga., for bankrupt.

Mose S. Hayes, of Atlanta, Ga., for objector.

UNDERWOOD, District Judge.

The objecting creditor, the Hartsfield Company, on November 7, 1929, loaned Cora Stone $175 and took her note therefor, said note bearing interest at the rate of 3½ per cent. per month, or 42 per cent. per annum. The bankrupt, with three others, signed this note as guarantors, and at the same time signed printed forms furnished by such creditor setting forth, by means of filling in certain blanks, statements as to their financial condition.

■■ The creditor claims that it extended credit to said Cora Stone on the faith of bankrupt's statement and the like statements of the other three guarantors, and that said statement was materially false, and that his discharge should be denied on this ground.

There were only a few blanks to be filled in on the statement, and the ones affecting bankrupt's financial condition stated that he owned real estate for which he paid $5,850, and on which there was a $5,000 mortgage; that his total indebtedness, above the mortgage, was $500; and that his net worth was $100.

Objecting creditor claims that the statement is false, in that bankrupt's total indebtedness, over and above the mortgage on the real estate, was more than $500, which fact was proved at the trial.

The bankrupt claims that the statement was made out very casually and without any attempt to look up his records, or any intention on his part, or on the part of the objecting creditor, that such statement should be accurate.

This seems to be borne out by the fact that the statement itself shows that it was incorrect, inasmuch as the net worth is set out at $100, whereas the other figures written on the card would show the net worth of $350. This discrepancy is unimportant except as evidence that the objecting creditor was not exacting a carefully prepared statement, or allowing the bankrupt opportunity to examine his records and make out such a statement.

On the other hand, the officer of the creditor testified that he relied on this and the other statements and would not have made the loan unless the statements had been given him. He stated, however, that he did not rely solely on these statements, but took other things into consideration, such as the moral character of the bankrupt, the salary he was earning, and other matters of like kind. And one might, perhaps, add the fact that the note was bearing interest at the rate of 42 per cent. per annum.

There is no question but that the guaranty of the note in question was purely an accommodation transaction, and that the bankrupt received for himself neither money, property, nor credit.

I do not think the errors in the statement in question were made with the intention to deceive, nor that they deceived the objecting creditor, nor that they were sufficiently material to justify the denial of a discharge to the bankrupt. Aller-Wilmes Jewelry Co. v. Osborn (C. C. A.) 231 F. 907; In re Gould (C. C. A.) 275 F. 827; In re Hatfield (D. C.) 18 F.(2d) 337.

Furthermore, there is considerable doubt that it is a valid objection to a discharge where the money obtained upon a materially false statement was for the benefit of another and not the bankrupt. The United States Supreme Court, in Levy v. Industrial Corp., 276 U. S. 281, 48 S. Ct. 298, 72 L. Ed. 572, while expressly declining to decide this question, intimates that the particular wording of the statute restricts this objection to a discharge to instances where the money or credit is secured for the benefit of the bankrupt himself.

■■ Furthermore, by the great weight of authority the Bankruptcy Law (11 USCA) should be construed liberally in favor of the bankrupt. Royal Indemnity Co. v. Cooper (C. C. A. 4th) 26 F.(2d) 585; Lockhart v. Edel (C. C. A. 4th) 23 F.(2d) 912; International Shoe Co. v. Kahn (C. C. A. 4th) 22 F.(2d) 131.

I find the objections have not been sustained, and the discharge of the bankrupt is hereby ordered.