## RASMUSSEN v. GRESLY.
### No. 10144.

Circuit Court of Appeals, Eighth Circuit.
May 3, 1935.

W. C. Fraser, of Omaha, Neb., for appellant.

B. N. Robertson, of Omaha, Neb., for appellee.

Before STONE, SANBORN, and FARIS, Circuit Judges.

## SANBORN, Circuit Judge.

This is an appeal by the trustee of the Walrath & Sherwood Lumber Company, which was adjudged a bankrupt on December 31, 1932, from an order allowing the claim filed by Mrs. J. F. Gresly. Her claim was upon a promissory note for $11,000, dated December 26, 1930, due February 1, 1932, and bearing interest at 7 per cent. per annum. The objections to the allowance of the claim asserted that Mrs. Gresly was not a creditor; that she had surrendered her note about December 6, 1930, for preferred stock of the bankrupt of the par value of $11,000, to be retired December 31, 1934; that, since that time, the bankrupt had operated at a loss and without profits or surplus from which the stock could have been redeemed; that it had, after the surrender of the note, issued financial statements which did not include the note as indebtedness; and that the creditors had no knowledge of and had never consented to the redemption of the preferred stock by the bankrupt.

The claimant's reply amounted to a denial of the grounds of objection urged by the trustee, and contained an allegation that any pretended surrender of her note for stock was unauthorized and made without her knowledge and consent, and that no stock had ever come into her possession or control.

The referee, after a hearing, disallowed her claim. Upon review, the court below entered an order vacating the order of the referee and allowing the claim as a general claim.

The issues submitted upon the hearing before the referee on the objections to the claim were whether the claimant had authorized her husband to exchange her note for preferred stock, whether she had knowledge of the exchange, and had ratified it, and whether she was estopped to deny her husband's authority. The referee found against the claimant upon all of these issues, which were issues of fact to be determined from the evidence. It was conceded that the claimant had had a note, as she alleged, and that it was her exclusive property and evidenced a loan of her funds to the bankrupt. It was also conceded that on March 18, 1931, this note was delivered by the claimant's husband to C. E. Walrath, president of the bankrupt (who, according to a recital in the findings of the court below, was dead at the time of the hearing before the referee), in exchange for preferred stock. If Mrs. Gresly had authorized this exchange, or if she had subsequently learned of and consented to it, there was no basis for her claim. The only witnesses concerning authority, knowledge, or ratification were the claimant and her husband. Both testified that she had given her husband neither general nor specific authority to deal with her note, and that she knew nothing of its exchange for preferred stock until after the bankruptcy of the lumber company. There was no evidence of any ratification of the exchange by her after obtaining knowledge that it had been made. To set out the evidence in detail is unnecessary. If believed, it is consistent only with the hypothesis that the exchange of the note for the stock was unknown to, and unauthorized and unratified by, Mrs. Gresly.

The determination of the issues of fact depended entirely upon the credibility of Mr. and Mrs. Gresly. The referee was the trier of the facts. He had these witnesses before him. In testing their credibility and the weight of their evidence, he had a distinct advantage over this court and the court below, neither of which has had before it

254

anything more than the cold record. The frankness and fairness shown by the witnesses, their attitude upon the witness stand, and the extent to which their testimony was colored, if it was colored at all, by self-interest, were important considerations in weighing their evidence and determining their credibility. These are matters which are not fully disclosed by the record, although the self-interest of the witnesses is apparent. It is obvious that the referee did not believe that Mr. Gresly had made the exchange of his wife's note for stock without her authority, knowledge, or consent. The court below, on the other hand, by reversing the referee, took the position that the referee was obliged to accept their testimony.

The appellant contends for the application of the general rule that in resolving issues of fact depending upon the credibility of witnesses and the weight of the evidence, the determination of the trier of the facts, who had the witnesses before him, must prevail. The appellee contends that her testimony and that of her husband, being undisputed and not inherently unreasonable or improbable, was to be accepted by the referee, as the trier of the facts, as true, and that this court will not disturb the findings made by the court below, although contrary to the findings of the referee, unless due to some plain mistake.

The determination of a referee in bankruptcy of issues of fact, based upon the evidence of witnesses appearing in person before him, where such determination must rest upon the credibility of the witnesses and the weight of their evidence, should ordinarily be accepted upon review, except in those cases where it is obvious that the referee has made a mistake. In re Slocum (C. C. A. 2) 22 F.(2d) 282, 284, 285; In re Croonborg (C. C. A. 7) 268 F. 352, 353; Bank of Commerce & Savings v. Matthews (C. C. A. 7) 257 F. 292, 294; In re M. & M. Mfg. Co., Inc. (C. C. A. 2) 71 F.(2d) 140, 142; Ohio Valley Bank Co. v. Mack et al. (C. C. A. 6) 163 F. 155, 158, 24 L. R. A. (N. S.) 184; In re Wheeler (C. C. A. 7) 165 F. 188, 189; In re Miller (D. C. Minn.) 39 F. (2d) 919, 921; In re Hatem (D. C. E. D. N. C.) 161 F. 895, 896; In re Swift et al. (D. C. Mass.) 118 F. 348, 349; Remington on Bankruptcy, vol. 8, § 3871, p. 231. A different rule would virtually make a review of the findings of a referee as to issues of fact which depended for their correctness upon the credibility of witnesses who had personally appeared before him and upon the weight of their evidence, a trial de novo.

The fact that the testimony of the Greslys as to knowledge and authority was uncontradicted did not compel the referee to accept it as the truth. He was not required to believe what seemed unreasonable or improbable. Quock Ting v. United States, 140 U. S. 417, 11 S. Ct. 733, 35 L. Ed. 501; F. T. Dooley Lumber Co. v. United States (C. C. A. 8) 63 F.(2d) 384, 388; Reiss v. Reardon (C. C. A. 8) 18 F.(2d) 200, 202.

The evidence before the referee showed that the Greslys were husband and wife, that they were living together at the time of the transfer, that they kept their securities in a joint deposit box to which each had a key, that Mr. Gresly had previously handled or assisted in handling his wife's business matters, and that he had dealt with the bankrupt in procuring renewals of loans formerly made by her to the bankrupt. He first testified that in making such renewals he did not consult with his wife, but later testified that he did consult her about such renewals. The fact that this $11,000 note was not promptly renewed by the bankrupt when it became due February 1, 1932, was a matter which might have put Mrs. Gresly upon inquiry. The testimony of the Greslys indicated that Mr. Gresly had not previously betrayed his wife's confidence. We feel that, under the circumstances, the referee was not bound to accept the claimant's evidence as to lack of authority or lack of knowledge.

While the sworn proof of claim was evidence on behalf of the claimant sufficient to overcome any unsupported formal objections, the burden of establishing her claim remained with her; and, after the testimony was in, the question which the referee was called upon to determine was whether she had proved her claim by a fair preponderance of the evidence, having regard to the probative value of the sworn proof of claim. Whitney v. Dresser, 200 U. S. 532, 534, 535, 26 S. Ct. 316, 50 L. Ed. 584; Alexander v. Theleman (C. C. A. 10) 69 F.(2d) 610, 611; Hansen v. Nathanson Bros. Co. et al. (C. C. A. 8) 31 F.(2d) 896, 897; In re Smolka (D. C. E. D. Mich.) 58 F.(2d) 403, 405; Baumhauer v. Austin (C. C. A. 5) 186 F. 260, 270; Remington on Bankruptcy, vol. 2, § 1044; Collier on Bankruptcy, vol. 2, pp. 1142, 1169, 1170.

The admission by Mrs. Gresly of the actual exchange of her note for the stock prior to bankruptcy, and the evidence that her husband had the stock certificate and that the bankrupt had the note with the signature removed, were sufficient to overcome the probative force of the sworn proof of claim, and left Mrs. Gresly in a situation where she was entitled to have her claim allowed only in case she proved her assertion that the surrender of her note for the stock was not binding upon her.

The credibility of the witnesses and the weight of the evidence being for the referee to determine, we think the reversal of his order by the court below was not justified.

The order appealed from is reversed, and the case remanded, with directions to disallow the claim.