### In re McCLENAHAN.

No. 245.

District Court, S. D. Iowa, Ottumwa Division.

Oct. 7, 1941.

some reason the matter was continued for four months and on January 10, 1941, upon notice, the commissioner set aside her exemptions, declared her right of possession for three years under the supervision and control of the court and issued a stay order as against the creditors, secured and unsecured.

The statute does require the completion of the appraisal before the issuance of the stay order, Wright v. Union Central Life Ins. Co., 311 U.S. 273, 275, 61 S.Ct. 196, 85 L.Ed. 184; but commissioners should not construe this as meaning an additional delay of four months to await the expiration of the time for appeal.

Debtor was the owner of about 200 acres of real estate upon which the Bankers Life Insurance Company of Des Moines, Iowa, had a mortgage in the principal sum of $7,000. The property was appraised at $5,602.50.

On July 19, 1941, the secured creditor, Bankers Life Ins. Co., filed before the commissioner an application to terminate the stay order on four grounds: (1) That the bankrupt has failed to redeem the real estate within a reasonable time from the appraised value; (2) and (3) that the bankrupt's financial condition is beyond all reasonable hope of rehabilitation; (4) that there is no emergency in the locality where the land is located to warrant the relief.

On hearing, the conciliation commissioner found adversely to the petitioner on these claims. A petition for review having been requested, the same came on for hearing in this court on the 27th day of September, 1941. The evidence before the commissioner as well as the files in the case are before the court on this review.

The claim that the bankrupt has failed to redeem within a reasonable time is based upon a holding in the case of Wright v. Union Central Life Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184. The commissioner was unable to find support to the contention of the Bankers Life Ins. Co., petitioner in this case, nor am I able to do so.

The question of whether the court should dismiss these cases because of the termination of the emergency is often before this court. At the present session of Congress a bill to make the provisions of Section 75 of the Bankruptcy Act permanent was approved by the judiciary committee of both the House and Senate.

Emory M. Nourse, of Des Moines, Iowa, and H. F. Wagner, of Sigourney, Iowa, for Bankers Life Ins. Co., petitioning creditor.

F. M. Beatty, of Sigourney, Iowa, for debtor-bankrupt.

DEWEY, District Judge.

Debtor filed her petition under Section 75 of the Bankruptcy Act on February 8, 1940, 11 U.S.C.A. § 203. She failed to obtain a composition with her creditors, and on April 9, 1940, filed an amendment asking to be, and she was, adjudged a bankrupt under subdivision s of said section.

Her property was appraised and the exemptions set aside on August 3, 1940. For

It was not passed, but this section was continued until March 4, 1944. The intention of Congress evidently was to continue the relief for farmers provided by Section 75 during that period. The commissioner was of the opinion that an emergency exists and in this finding from the evidence I concur.

The main contention here is that upon the evidence before the commissioner, which has been preserved and is before this court, there is a showing that the bankrupt's financial condition is beyond all reasonable hope of rehabilitation. The commissioner found otherwise.

The findings of a referee in bankruptcy should be approved "unless clearly erroneous," General Order in Bankruptcy #47, 11 U.S.C.A. following section 53, and the courts are holding that the district judge should not disturb findings of fact by the referee under this rule, "unless there is most cogent evidence of a mistake and miscarriage of justice." Kowalsky v. American Employers Ins. Co., 6 Cir., 90 F.2d 476, 479; Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S., 184; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252; In re Dant & Dant, D.C., 39 F.Supp. 753. However, I am unable to read into the statute a right of a secured creditor to have a stay order terminated within the three years of possession given to the bankrupt under subdivision(s) of said section on showing an inability to refinance.

The provision relied upon is the last sentence in subsection s (3) providing: "If, however, the debtor at any time fails to comply with the provisions of this section, or with any orders of the court made pursuant to this section, or is unable to refinance himself within three years, the court may order the appointment of a trustee, and order the property sold or otherwise disposed of as provided for in this title."

A careful reading of this sentence indicates to me that the right to terminate the proceedings or to accelerate it has reference to the conduct of the defendant, and that the right to terminate if the debtor "is unable to refinance himself within three years," means at the end of that three-year period and not prior thereto. It seems to me that the construction of this act by the Supreme Court of the United States in the case of John Hancock

Life Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176, and other decisions of the courts, leave no doubt of their interpretation of the intention of Congress as meaning that the right of possession for the three-year period is an absolute right and is not to be terminated except when "the debtor at any time fails to comply with the provisions of this section, or with any orders of the court."

I have carefully considered the case of Wright v. Union Central Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184, and the statement therein by Justice Douglas, as follows: "Congress has provided that certain contumacious conduct on the part of the debtor or his inability to refinance himself within three years may be an appropriate basis for a termination of the proceedings or for an acceleration thereof." 311 U.S. at page 280, 61 S.Ct. at page 200, 85 L.Ed. 184.

However, it must be kept in mind that the court was discussing a case in which there had been a refusal on the part of the bankrupt to comply with the orders of the court and it was not discussing the question here for determination, to wit, whether or not a showing that a person can not refinance himself within the three year period will accelerate the termination of the proceedings. It will be noted that the statute does not say anything about the debtor being unable to rehabilitate himself, but only has reference to a refinancing. Inability of rehabilitation was first upheld by the Supreme Court as reason to terminate the proceedings; Wright v. Vinton Branch, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736, 112 A.L.R. 1455; but later denied in John Hancock Mut. Life Ins. Co. v. Bartels, 308 U.S. 180, 184, 60 S.Ct. 221, 84 L.Ed. 176.

It would be difficult for a secured creditor to show at the commencement of the three-year moratorium that the debtor or bankrupt will be unable at the end of such three-year period to pay into the court the amount of the appraised value of the property, or for the debtor to show just how he or she might be able to raise the money at the end of such a three-year period. I can't convince myself that the Congress ever intended, with the positive statement that the bankrupt was to have a three-year moratorium, that the phrase "or is unable to refinance himself within three years," here under discussion, means that it could be terminated within that period by a

showing that at any particular time the money to pay into court the appraised value of the property could not be raised.

It seems to me also that questions of whether the real estate is being farmed in a good and farmlike manner or how the property is being maintained are immaterial as those are questions which the commissioner may rectify upon application to him, as the possession of the property is given to the bankrupt expressly under the "supervision and control of the court." The commissioner therefore has the right to direct the method and manner in which the farm should be operated, if he thinks it advisable.

The order of the commissioner made on August 7, 1941, upon which the review is asked is approved and confirmed, on the ground that there is no provision in the act authorizing the termination of the three-year moratorium for an inability of the debtor to refinance herself, so long as she complies with the orders of the court. Bankers Life Ins. Co. excepts.