**BANKERS LIFE CO. v. HAVEL.**

**No. 12239.**

Circuit Court of Appeals, Eighth Circuit.

July 10, 1942.

Emory M. Nourse, of Des Moines, Iowa, for appellant.

Louis J. Kehoe, of Washington, Iowa, for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

THOMAS, Circuit Judge.

The question presented on this appeal is whether a farmer-debtor having been adjudged bankrupt under § 75, sub. s of the Bankruptcy Act, 11 U.S.C.A. § 203, sub. s, is entitled as of right to a three-year stay of foreclosure proceedings against his farm when he has complied with all the orders of the court and the court has found that the emergency declared in the Act still exists.

Havel, the appellee, owned and operated an 80-acre farm situated in the southern judicial district of Iowa, on which the ap-pellant Bankers Life Company held a past due mortgage for the principal sum of $8,000. In a foreclosure proceeding in the state court a certificate of purchase at sheriff's sale was issued to appellant June 23, 1939, upon a judgment of $10,774.64. Under Iowa law the debtor had a right of redemption which would not expire until the end of one year thereafter. Code of Iowa, 1939, § 11774. On March 5, 1940, he filed his petition for relief under § 75 of the Act. Failing to secure a composition with his creditors, after amendment to his petition he was adjudicated a bankrupt under § 75, sub. s. The farm was appraised at $8,000 on September 3, 1940, and on the following day an order was entered staying all pending proceedings for a period of three years, and the terms of rental were fixed by the Conciliation Commissioner. On appellant's application the farm was reappraised in August, 1941, at $9,600.

On September 22, 1941, appellant filed its application for a termination of the stay order to which appellee filed a resistance. The grounds stated in the application for termination of the stay were (1) that the debtor had failed to redeem the farm at its appraised value; (2) that his financial condition is beyond all reasonable hope of rehabilitation, and (3) that in the locality where the farm is situated the emergency defined in the Act had ceased to exist.

Upon a hearing before the Commissioner the application was denied; and the Commissioner found (1) that even if the debtor were required by the Act to redeem within a reasonable time, a reasonable time had not elapsed; (2) that the emergency still exists; and (3) that the debtor having complied with all the orders of the court the appellant does not have the right under the Act to have the stay order terminated, even though, as found in this instance, the evidence furnishes no reasonable hope or expectation that the debtor will be able to refinance or rehabilitate himself within the three-year period.

Upon review the court approved and confirmed the Commissioner's findings and order, and this appeal followed.

The appellant contends that the court erred in holding (1) that the emergency defined in the Act has not ceased to exist in the locality where the farm is situated; (2) that a reasonable time for redemption had not elapsed after the entry of the stay order; and (3) that the debtor is not required to redeem, if he complies with all

the orders of the court, until the end of the three-year period.

■ The statute, supra, commits to the bankruptcy court the power to determine when the emergency defined in the Act ceases to exist. Paragraph (6) of subsection (s) reads: "This title is hereby declared to be an emergency measure and if in the judgment of the court such emergency ceases to exist in its locality, then the court, in its discretion, may shorten the stay of proceedings herein provided for and proceed to liquidate the estate." The Conciliation Commissioner and the judge after considering the evidence found that the emergency had not ceased to exist. Their finding is not clearly erroneous. Had they found otherwise it would still be discretionary with the court either to shorten the stay of proceedings or to continue the stay order in effect. The order should not be reversed on this ground.

■ The evidence shows that the stay order was granted September 4, 1940, and the application to terminate it was filed September 22, 1941. The hearing before the Commissioner was held on October 30, 1941. It cannot be said that an unreasonable time had elapsed nor that failure to redeem during that period would warrant the court in terminating the stay. The only standard of a reasonable time for redemption prescribed by the Act where the debtor complies with all the orders of the court is the three-year period; and it was found and is not denied that the debtor did comply with the orders of the court. The statute does not clothe the bankruptcy court with the power of prophecy; and the fact that, at the hearing held at the end of the first fifteen months, there was no evidence to establish a prospect of the debtor's ability to refinance or to rehabilitate himself during the three-year period is immaterial. The Act does not make such finding a ground for terminating the stay order. The only conditions attached to the grant of a three-year stay found in § 75, sub. s(2) are: (a) failure of the debtor to comply with the law and the orders of the court, § 75, sub. s(3); (b) inability to refinance himself within three years, § 75, sub. s(3); and (c) the discretionary right of the court to shorten the stay in the event the court finds that the emergency ceases to exist in the locality, § 75, sub. s(6).

■ That the statute assures to the debtor possession for three years from the date of the order upon the conditions mentioned in the Act is no longer open to debate. Borchard v. California Bank, 310 U.S. 311, 317, 60 S.Ct. 957, 84 L.Ed. 1222; John Hancock Ins. Co. v. Bartels, 308 U.S. 180, 60 S.Ct. 221, 84 L.Ed. 176; Wright v. Union Central Life Ins. Co., 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184; In re McClenahan, D.C., S.D.Iowa, 41 F.Supp. 694. It would have been error under the circumstances in evidence in this case to grant appellant's application to terminate the stay.

Affirmed.