### In re HASSEBROOK.
### No. 6049.

District Court, D. Nebraska,
Omaha Division.

Aug. 13, 1943.

N. H. Cornell, of Schuyler, Neb., for debtor.

W. R. Ross, of Omaha, Neb., for Equitable Life Assur. Soc. of United States.

DELEHANT, District Judge.

An order is being filed under even date with the filing of this memorandum, setting for hearing on September 25, 1943, the debtor's Petition for Review of the Report and Recommendations of the Supervising Conciliation Commissioner upon the reappraisal of the southeast quarter (SE¼) of Section thirty (30), township nineteen (19) North, Range one (1) West of the Sixth Principal Meridian in Platte County, Nebraska, being a part only of the debtor's land. In that order is included a direction that the hearing be on the record now made, including a transcript, in 126 legal size pages, of testimony taken at the hearing before the supervising conciliation commissioner, and summarily denying a separate motion made by the debtor for leave to present further testimony. The court considers that the parties are entitled to a statement of the court's reasons for its ruling in the latter behalf.

It has been made only after a complete study of every filing thus far appearing in the case, and of the testimony taken before the supervising conciliation commissioner and certified to the court.

Three appraisers theretofore appointed by the local conciliation commissioner made their report of reappraisal on April 24, 1943 in which they valued the tract at $55 per acre, or $8,800. To that reappraisal, the secured creditor seasonably filed objections, with which it coupled a petition and prayer for a hearing by the court to fix value. The debtor having filed an alleged tender of the reappraised value, both matters were, by an order of one of the judges, referred to the supervising conciliation commissioner for the district. He held a hearing in Omaha at which expert testimony was adduced upon the condition and value of the land, the secured creditor presenting five witnesses, including one of its regular employees, and the debtor four witnesses, including himself. Thus submitted, the issue of value was considered by the supervising conciliation commissioner who found and recommended that the value of the land should be fixed at $80 per acre, or $12,800, and that the objections to reappraisal should be sustained, and the tendered redemption at a valuation of $8,800 rejected.

The debtor's present motion for leave to introduce further testimony is based upon the following assertions only: "that the debtor is a farmer and unacquainted with court procedure, and is located approximately 50 miles from his attorney's office; that at the time of hearing set forth, he was very busy with farm work, and was short of help, and unable to devote needed time to get all the evidence and witnesses desired to establish the value of his said real estate; and was further restricted in making calls and interviewing said witnesses on account of shortage of gas under present rationing conditions; that debtor now has his heavy farm work completed and can devote more time to interviewing certain witnesses as to the value of his said farm."

It is to be noted that the order referring the issues to the supervising conciliation commissioner was made June 4, 1943, and was served on the debtor and his attorney on the same day, and that it set the date for hearing twenty-five days later, on June 29, 1943, at which time it was actually held. Adequate time for preparation was thus made available. The occupational urgencies of and traveling restrictions upon, the debtor were not drawn to the attention of the court or the commissioner either prior to, or at, the hearing before the commissioner. No continuance was sought. The hearing was had with apparent understanding and agreement as to its propriety, scope and purpose, and with seeming adequacy in the presentation of the material and testimony of the contending parties. There is nowhere any suggestion that the commissioner was ever given to understand that the debtor desired—apparently he did not then desire—to introduce other or further testimony at the hearing.

The significance of a commissioner's hearing upon reappraisal under Section 75, sub. s, Bankr.Act, 11 U.S.C.A. § 203, sub. s, and the function of the judge in reviewing the commissioner's proceedings are made manifest in General Order 47, 11 U.S.C.A. following section 53, as applied by the circuit court of appeals for this circuit in Kauk v. Anderson, 8 Cir., 137 F.2d 331; Dunsdon v. Federal Land Bank of St. Paul, 8 Cir., 137 F.2d 84; Rasmussen v. Gresly, 8 Cir., 77 F.2d 252; Equitable Life Assurance Society v. Carmody, 8 Cir., 131 F.2d 318; Equitable Life Assurance Society v. Deutschle, 8 Cir., 132 F.2d 525; and Rait v. Federal Land Bank of St. Paul, 8 Cir., 135 F.2d 447, among other cases. In the Kauk case, it is said that: "The conciliation commissioner in a case such as this is the trier of the issue of value and is acting as a referee." The real hearing upon the factual issue is, therefore, to be had before him and litigants should be required to present to him their entire testimony. That is the very purpose of the reference, which is thwarted and circumvented if, with the judge's approval or unconsidered indulgence, a party may submit to the commissioner a minimum amount of testimony, and then proceed before the judge for the real trial of his case. Even less tolerable is the practice of presenting experimental testimony before the commissioner and, in the event of defeat there, augmenting it upon the judge's examination of the issue by review.

Touching the circumstances in which additional testimony should be received by the judge, the circuit court said in the Dunsdon case: "As we have indicated in the Carmody case, 131 F.2d on page 323, situations may exist where, in the interest of justice, he may soundly exercise a discretion to receive or require additional evidence in connection with a review of a conciliation commissioner's order, and determine from the entire record thus before him whether a correct result has been reached. * * * Whether oral evidence shall be received or required in the proceedings before him is, of course, a matter for his sound discretion and is not a matter of right to the parties."

The discretion with which the reviewing judge is there charged is a sound, mature, judicial discretion, not mere whim, caprice or sentiment. In the case now considered, the debtor has been represented throughout the nearly three years of its pendency by the competent attorney who now appears for him. He and his counsel had adequate notice of the hearing before the commissioner, and ample time, if his circumstances prevented him from making adequate preparation and presentation of his evidence, to make due and timely showing thereof before the commissioner, or even the court, with a request for the adjournment of the hearing. Since he participated in the hearing with no intimation, or appearance, of want of preparation and no request for adjournment, the court considers that his request for leave to intro-

duce further evidence upon the pending proceeding in review comes much too tardily and under discrediting auspices.

Then, too, the alleged ground for the motion can hardly receive the court's general and unqualified approval. Granting the seasonal demands upon a midwestern farmer's time and the curtailment of travel in consequence of the pending war, still, judicial proceedings, whether had before the judge or before a referee, can not be made to await the convenience or pleasure of the litigants. Their necessities and reasonable convenience ought, indeed, to be allowed respectful consideration when they are brought timely to the court's attention. But they are not primarily controlling, particularly when they are not resorted to until the orderly time for their suggestion has elapsed.

The court's order, therefore, contemplates a review of the present record without enlargement by further testimony on either side.