**KASPER v. BANEK.**

No. 14956.

United States Court of Appeals
Eighth Circuit.

June 29, 1954.

**126**

L. W. Post, Sp. Asst. to Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Alonzo W. Watson, Jr., Sp. Assts. to Atty. Gen., Clinton G. Richards, U. S. Atty., Deadwood, S. D., and Francis G. Dunn, Asst. U. S. Atty., Sioux Falls, S. D., on the brief), for appellant.

Stanley R. Voas, McIntosh, S. D., and Dwight Campbell, Aberdeen, S. D., for appellee.

Before SANBORN, JOHNSEN and COLLET, Circuit Judges.

SANBORN, Circuit Judge.

J. B. Banek, of McLaughlin, South Dakota, is and has been for many years a grower of small grain who reports his income, for federal tax purposes, upon a cash and calendar year basis. In October 1947 he had most of his 1947 crop in storage in the grain elevator operated by W. E. Kurle at McLaughlin. Banek sold the stored grain to Kurle, who did not pay for it until after January 1, 1948. Banek regarded the proceeds of sale of the grain, sold to Kurle in October 1947, as 1948 income and included it in his return for that year. Upon an audit of Banek's 1947 return, the Commissioner of Internal Revenue determined a deficiency in the income tax liability of Banek for the year 1947, $7,977.99 of which was due to treating the proceeds of the grain sold to Kurle in October, 1947, as income for the year in which the grain was sold, rather than for the year in which it was paid for.

Banek paid to the Collector of Internal Revenue for the District of South Dakota the deficiency assessed by the Commissioner, and filed a claim for refund of so much of it as resulted from including in income for 1947 the proceeds of the grain sold in October of that year to Kurle. After the denial of his claim for refund, Banek brought this action against the Collector to recover the alleged overpayment of his income taxes for 1947, upon the claim that he sold the grain to Kurle in October 1947 upon an oral agreement and understanding that Kurle was not to pay for the grain until after January 1, 1948.

It was the claim of the Collector that the proceeds of the grain sold to Kurle in October 1947 were set apart for and were available to Banek in 1947 and were therefore a part of his 1947 income.

The burden of proving that the sale of the grain in suit was made with the understanding that Kurle was not to pay for it until 1948 was upon Banek. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. Banek demanded a jury trial, and the case was tried to a jury. At the close of the evidence, counsel for Banek moved for a directed verdict in his favor, and the District Court granted the motion. From the ensuing judgment, the Collector has appealed. He asserts that the court erred in directing a verdict for the taxpayer and in unduly limiting the cross-examination by the Collector of the taxpayer's witness Kurle.

There can, we think, be no question that, under the evidence of Banek and Kurle, the only witnesses who testified in support of Banek's claim, the jury, if the case had been submitted to it, could, and in all probability would, have found that as the result of a bona fide arm's-length transaction the proceeds of the sale in question were not due or payable until 1948, and were neither actually nor constructively received by Banek in 1947. See and compare, Amend v. Commissioner of Internal Revenue, 13 T.C. 178. What the District Court apparently overlooked in ruling on the motion for a directed verdict was that the burden of proof was upon Banek and that he and Kurle were interested witnesses whose credibility, even though their evidence was virtually uncontradicted, was for the jury to appraise. Rasmussen v. Gresly, 8 Cir., 77 F.2d 252, 254; Yutterman v. Sternberg, 8 Cir., 86 F.2d 321, 324; Elzig v. Gudwangen, 8 Cir., 91 F.2d 434, 440–444; Hoyt v. Clancey, 8 Cir., 180 F.2d 152, 155; Noland v. Buffalo Insurance Co., 8 Cir., 181 F.2d 735, 738; Bettinger v. Northwestern National Casualty Co., 8 Cir., 213 F.2d 200. The jurors were, of course, the sole judges of the facts and of the credibility of the witnesses and the weight of their evidence. It was for the jury, as the trier of the facts, and not for the court, to determine whether the evidence adduced by Banek as to the terms of his contract with Kurle for the sale of grain in October, 1947, established Banek's claim against the Collector.

If the case had been submitted to the jury and if it had regarded as unconvincing the evidence of Banek and Kurle that the grain sold in October 1947 was not to be paid for until 1948 and that the proceeds of the sale were not available to Banek in 1947, the jury's verdict would necessarily have been in favor of the Collector, since the ruling of the Commissioner had the support of a presumption of correctness. Welch v. Helvering, supra, at page 115 of 290 U.

S., 54 S.Ct. 8. The District Court erred in taking the case from the jury.

Since the case must be retried and since there is no reason to anticipate any improper rulings on evidence, it is unnecessary to discuss the contention that the District Court erred in unduly restricting the cross-examination of Banek's witness Kurle.

The judgment appealed from is reversed, and the case is remanded for a new trial.