## In re NEWMARK.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

### No. 117.

1. BANKRUPTCY ⬅414(3) — DISCHARGE — CONCEALMENT OF PROPERTY — EVIDENCE.

Evidence *held* insufficient to show that a bankrupt's wife held in trust for him a lease delivered to her by a corporation in which the bankrupt was a stockholder, and so a discharge could not be denied on the ground the bankrupt had concealed and failed to turn over to his trustee such lease.

2. BANKRUPTCY ⬅413(7) — DISCHARGE — DENIAL.

Discharge is a statutory matter, and the court, as well as an objecting creditor, is confined to the specifications of objection.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the bankruptcy of Charles Newmark. From an order granting a discharge to the bankrupt, Anton Larson & Son, Incorporated, an objecting creditor, appeals. Affirmed.

Newmark was a large shareholder in Newmark & Davis, Incorporated, a corporation which owned a heavily mortgaged apartment house. In it one apartment was finished to the taste of Mrs. Newmark, and the corporation executed and delivered to her a lease of that apartment for three years at $1 a month, with the privilege of subletting. She never occupied the apartment, but sublet it at $137.50 per month. This occurred in 1914, and in the same year the rents of the apartment house were assigned to the holder of the first mortgage, who apparently took possession; but Newmark and his fellow shareholder, Davis, continued to act as agents in collecting rent and superintending the house until about September, 1915. Mrs. Newmark never gave any consideration for the lease, nor did she ever pay the $1 per month rent. Her subtenant paid his rent by checks to the order of Newmark & Davis, Incorporated. Such checks were received by Newmark, who cashed some of them, but, as he testified, turned the proceeds over to his wife, who declared that she got all her subtenant's rent and used it for various purposes, including the maintenance of a home where her husband lived with her.

In 1916 Newmark was adjudicated a bankrupt upon his own petition, and when he applied for discharge this appellant objected that he had "concealed" and "failed to turn over" to his trustee the above lease made to his wife; it being alleged that the same was "held in trust for him" by her. The District Court granted discharge, and the objecting creditor took this appeal.

Ferdinand E. M. Bullowa, of New York City (Lawrence E. Brown, of New York City, of counsel), for appellant.

Jacob R. Schiff, of New York City, for appellee.

Before WARD, ROGERS, and HOUGH, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] Mrs. Newmark's lease was created nearly two years before this bankruptcy. For all that this record shows, Newmark was solvent in 1914; and while we may be sure that Newmark & Davis, Incorporated, was not then prosperous, there is no evidence that the corporation was insolvent at the time. But let it be assumed that the gift of a three-year lease from the corporation to Mrs. Newmark was a fraud upon

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

its creditors; or upon the corporation itself, it is also true the persons injured are not before us. The single question in this case is whether the bankrupt, when he filed petition, individually owned the lease, and consequently concealed and kept from his individual creditors that piece of unscheduled property.

The position of objecting creditor would be much stronger if the wife had been the recipient of anything that ever belonged to her husband; but Newmark never owned this apartment house, and, however dishonorable was his conduct in procuring such a gift from a concern that had in effect mortgaged even the rents of the building, the very absence of morals revealed by the admitted transaction renders it unlikely that Mrs. Newmark was a trustee for him. The ordinary cunning of dishonesty would suggest that the husband have nothing to do with what (as she testified) his wife had asked for. It is not necessary for the bankrupt to insist that suspicion is not proof; we do not suspect him of owning it, nor even of wanting it, for all that he needed was to keep on good terms with his wife, so that she would permit him to live with her in, or on the proceeds of, the apartment she desired.

[2] Discharge is a statutory matter. The court, as well as the objecting creditors, is confined to the specifications of objection. Those specifications must be affirmatively proved, and the one before us contains nothing but the assertion that Newmark owns the lease. We think the proof is the other way, and that the case is even clearer than In re Dauchy, 130 Fed. 532, 65 C. C. A. 78, and In re Hammerstein, 189 Fed. 37, 110 C. C. A. 472, where we were compelled to grant discharges under circumstances not similar, but suggestive.

Order affirmed, without costs.