## In re FINEBERG et al.

District Court, W. D. New York. November 25, 1929.

Ruslander & Anderson, of Buffalo, N. Y., for bankrupts.

Wilbur B. Grandison, of Buffalo, N. Y. (W. J. Wetherbee, of Buffalo, N. Y., of counsel), for objecting creditor.

HAZEL, District Judge. The bankrupt partnership conducted a wholesale jewelry business, and in an involuntary proceeding were adjudicated bankrupts on October 8, 1928, individually and as copartners. The Manufacturers' & Traders'-People's Trust Company, a creditor, filed specifications of objection to their discharge.

The special master, to whom the issues were referred to take proof and report to the court, found that the bankrupts had been borrowing from the People's Bank of Buffalo, which was subsequently merged with the objecting creditor, and continued to obtain credit from the latter on a financial statement in writing showing their financial condition. The evidence showed that during the summer of 1927 the bankrupt firm purchased jewelry on credit from firms in Switzerland, amounting to upwards of $20,000, and, on delivery of the goods, they were placed in the bankrupts' stock. No entries, however, were made on the firm books disclosing the indebtedness. In January, 1928, a customary financial statement in writing was made by the firm and delivered to the Manufacturers' & Traders'-People's Bank for the purpose of obtaining additional bank loans and credits. Similar financial statements for each year, for like purposes, had been made to the People's Bank. The January statement contained an item of merchandise finished on hand at actual cost, $79,849.47, which included the jewelry bought in Switzerland, but omitted the amount of $15,000, the purchase price, or part purchase price of said jewelry, with the result that the financial statement was false and misleading. During 1928, the objecting creditor at different times advanced to bankrupts approximately $32,000, in reliance upon the truthfulness of their financial statement of January, 1928.

The special master further found that such statement was made by the copartners with intent to conceal their financial condition, and failed to keep books of account or records from which their true financial condition could be ascertained, as provided by section 14 of the Bankruptcy Act (11 USCA § 32). In separate clauses the special master sets forth the specific findings of fact, and also that Herman Fineberg, one of the partners, had actual knowledge that the written financial statement submitted to the object-

ing creditor was materially false, and that the indebtedness of the firm to the Swiss merchants was knowingly and intentionally omitted from the statement to deceive the bank; and further that such material false financial statement in writing was made to obtain loans or renewal of credit. I have examined the essential evidence as to this finding, and conclude that there was no error committed in relation to the specific finding.

It is urged in opposition to the affirmance of the report that the discharge of Morris Fineberg from individual liability for the debts of the firm should not be denied on the ground that the evidence is not clear and convincing; that in his individual capacity he had committed no act in violation of section 14; and, as to Herman Fineberg, that the evidence does not establish that the statement in question was intentionally false; and generally that the discharge should be granted to the partnership. Much testimony was taken on both sides, and the material portions bearing upon the specifications clearly and convincingly support the conclusion as to the responsibility of the partnership for the falsity of the statement signed by Herman Fineberg, one of the partners. Testimony that the bookkeeper prepared the statement and gave assurance of its accuracy does not relieve the partnership or individual members from the specific charge that there was failure to keep proper books from which the partnership financial condition could be ascertained. The members of the firm were required to satisfy themselves of the correctness of the statement, even though no connivance or understanding as to the manner of preparing it was actually shown. Woolen Corp. v. Gitnig (C. C. A.) 33 F.(2d) 259. The partners were required to examine the books and satisfy themselves that no material omissions or false statements were made.

The bankrupts cannot excuse their act by placing the blame on the bookkeeper, who acted within the scope of her authority. Indeed, the bookkeeper testified that the Swiss invoices were not brought to her attention until notes were given or drafts received. It also appears that bills and notes were kept in a book, but that no record was made therein for any of the notes given to cover the purchase price of the foreign goods. The bankrupts cannot in this manner escape the finding of intentional concealment of property in a matter involving civil conduct, Matter of Landersman (D. C.) 239 F. 766, 38 A. B. R. 685; In re Janavitz (C. C. A.) 219 F. 876, and, though the presumption of intentional concealment and fraud may be rebut-

ted by denial and facts and circumstances, yet it fairly appears that one of the partners had reasonable ground to suspect that the books were not properly kept, and the other is shown to have attended the office from time to time for transaction of business, when not engaged on the road. He likewise was required to inform himself as to the reliability of the statement upon which credit was to be obtained. The burden of proof rested upon each partner to satisfy the court by this explanation that none of the acts forbidden by section 14, as amended in 1926, had been committed. Matter of Weltman & Co. (D. C.) 2 F.(2d) 759, 3 A. B. R. (N. S.) 140; Morimura, Arai & Co. v. Taback, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586.

It is urged that there was error in refusing discharge to the individual partners, but I do not agree with this contention. In Levy v. Industrial Finance Corp. (C. C. A.) 16 F.(2d) 769, aff'd 276 U. S. 282, 48 S. Ct. 298, 72 L. Ed. 572, money was loaned to a bankrupt corporation in reliance on a financial statement made by a bankrupt stockholder who was comptroller of the corporation. It was held that the latter had obtained money or credit on a materially false statement in writing within section 14 of the act, and was not entitled to his individual discharge, and that it made no difference that the money or property was obtained by him on the false statement for the use of the company rather than himself. The doctrine of that case may readily be applied to the individual partners in this case. Each partner manifestly is the agent of the other, and each is liable for the acts of the other, and, as individual members are separately liable for the debts of the partnership, I perceive no substantial reason for discharging the partnership or individual members from their partnership debts. It clearly appears from the evidence that the statement to the bank at the beginning of the year 1928 represented a net value of goods on hand of more than $45,000, which had entirely disappeared by the succeeding month of July, though only about $50,000 worth of business had been transacted. When the petition in bankruptcy was filed, the liabilities exceeded the assets by over $140,000. It is difficult to believe that the bankrupts were unaware of their financial status when the statement was submitted to the trust company, and that they did not intend to conceal their true financial condition. The denials of the bankrupts and offered explanations are indefinite, vague, and unconvincing.

The report of the special master, denying

discharge of the partnership and of the individual partners as to partnership debts [see In re Weltman & Co. (D. C.) 2 F.(2d) 759, 3 A. B. R. (N. S.) 140], is approved.