## In re ADAMS.
### No. 437.

District Court, N. D. Texas, San Angelo Division.

April 10, 1930.

E. M: Critz, of Coleman, Tex., for the trustee.

Dibrell & Starnes, of Coleman, Tex., for the bankrupt.

ATWELL, District Judge.

Upon the bankrupt's application for a discharge certain creditors filed objections. The amended specifications of objection contained five grounds. The first two set forth two written statements of the financial condition of the bankrupt as of the first of 1925 and as of the first of 1927. The other three specifications relate to the transfer of property with alleged inhibited intent. The facts seem to justify the findings of the referee that the last three specifications were not supported, even though nothing but time prevented the sustaining of the fourth and fifth, and even though the question of exemptions barred the sustaining of the third.

The testimony of the credit representative of the Eli & Walker Dry Goods Company, to which company the statements were made by the bankrupt, and the testimony of the bankrupt, is the only evidence offered at the hearing before the trustee.

Each statement was made by the bankrupt upon the letterhead of the bank of which he was an officer at the time. The statements are not even subject to the prevalent criticism that they were were mere matters of form made upon blanks furnished by the creditor. A man of considerable business experience—dealing in credits—in the quietness of his office, dictates, evidently, to his stenographer a pretended exposure of his financial condition upon which he knew large sales of merchandise would be made to a corporation in which he held quite a block of stock. Sales were made on the faith of such statements. It seems to me that the referee correctly recommended when he advised against the granting of a discharge. There is really no room to think that the bankrupt did not know what he was doing and did not intend to do just what was done and what he did do. His claim of innocence and good faith are not supported by the facts, and, in truth, are rebutted by them.

The only question of law that might be involved is that the false statements were for the purpose of obtaining property for some one else than the maker of the statements, and than the bankrupt in this case.

The Circuit Court of Appeals for the Second Circuit, In re Applebaum, 11 F.(2d) 685, held that section 14b(3) of the Bankruptcy Act, 11 USCA § 32(b)(3), did not contemplate the refusal of a discharge to a bankrupt under such a specification.

The Circuit Court of Appeals for the Fourth Circuit, in Levy v. Industrial Finance Corporation et al., 16 F.(2d) 769, 771, took a different view, and said: "The statute does not say that he must have obtained the money or property for himself, and we do not think such meaning is implied in the use of the word 'obtain.'"

The law seems to be now that a broad and sensible view of the statute is to prevail, and that the property need not be obtained by the accused for himself. It is sufficient to prevent a discharge if the creditor was induced by the bankrupt's false representations to deliver to another either for the benefit of that other or for the benefit of the accused. This is evidenced by the case of Levy v. Industrial Finance Corporation, just mentioned, which reached the Supreme Court and was reported in 276 U. S. 281, 48 S. Ct. 298, 72 L. Ed. 572. The Supreme Court mentions the case of In re Applebaum.

The recommendation of the referee is approved, and a discharge is denied.