## In re LICHT.

### No. 17979.

District Court, E. D. New York.

Dec. 10, 1930.

H. & J. J. Lesser, of New York City (Jacob J. Lesser, of New York City, of counsel), for bankrupt.

Samuel B. & Bernard Pollak, of New York City (Julius Davison, of New York City, of counsel), for Magoba Const. Co., Inc.

Yankauer Davidson & Mann, of New York City, for Clarence G. Bachrach and Irving Trust Co.

BYERS, District Judge.

Hearing on exceptions to specifications of objections to discharge of the above-named bankrupt.

Irving Trust Company and Clarence G. Bachrach, trustees of the above-named bankrupt, and Magoba Construction Company, Inc., a creditor, have filed identical specifications in opposition to the discharge of this bankrupt; and the fifth specification only is challenged as being insufficient in law, on the face thereof. It may be paraphrased as follows:

That the bankrupt obtained money and property on credit by making and publishing written, materially false statements respecting his financial condition; and that he was the president and sole stockholder of the corporation known as H. Licht, Inc., in which he had an exclusive pecuniary interest, and from which corporation he withdrew substantial funds, and at all times used the funds of the corporation for his own private uses and purposes, and used the corporation as a cloak and guise for his own individual transactions.

That an allegedly false statement was issued by him in March, 1929, and purported to set forth the financial condition of the corporation, and was issued to a mercantile agency and to another corporation for the purpose of obtaining merchandise on credit

from subscribers to the mercantile agency and from the corporation in question.

The statement is said to have been false in that it set forth a net worth on the part of the corporation of above $400,000, whereas there was an actual deficit of substantially that same amount; further that, by virtue of said false statement, "the bankrupt obtained merchandise and property" from the said corporation and from subscribers to the mercantile agency, of the value of over $10,000, "all of which property was sold on credit by said above-mentioned concerns in reliance upon said materially false financial statement."

The bankrupt has, in effect, demurred to the foregoing specification, whereby the truth of the allegations must be taken to have been admitted, for the purposes of this motion.

Section 14b of the Bankruptcy Act, as amended in 1926, provides that, where the bankrupt has "(3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition" (11 USCA § 32(b)(3), the discharge may not be had.

The argument on behalf of the bankrupt is that the fifth specification is insufficient because there is no allegation therein that the merchandise and property which were obtained upon the financial statement referred to passed to the bankrupt individually, and that there is no allegation that the bankrupt unlawfully used the property or funds of the corporation.

It will be observed that the specification, in terms, asserts that, by virtue of the said statement, the bankrupt obtained the merchandise and property in question.

This would seem to be a clear allegation respecting the receipt by the bankrupt, in his individual capacity, of the said merchandise and property, and thus to meet the criticism advanced on the bankrupt's behalf.

The argument then proceeds upon the theory that the bankrupt's discharge may not be denied because he is said to have made a false financial statement concerning the affairs of the corporation in which he had a substantial interest, if the money or property which was delivered was not obtained by the bankrupt for his own personal benefit but for the benefit of the corporation in which he was interested. This assumes that the property and credit were obtained for the bankrupt's corporation and not for himself, and the court is urged to take the view that hence the specification under examination is insufficient.

If it be assumed argumentatively that the foregoing contention is based upon the formal averments of the specification, the objection is not materially aided. The requirement of plain honesty and good faith underlying statements issued as the basis for obtaining credit is not to be diluted through resort to the corporate form of doing business, on the part of the person making the representation.

If this bankrupt issued a statement purporting to set forth the assets and liabilities of the corporation of which he was the sole stockholder, he asked the mercantile community to believe certain things with reference to his own property, because that is what the corporation was; he assured others from whom credit was sought that his equity in the corporation of which he was the sole stockholder amounted to $447,587.23; that is to say, he stated, in writing, the foregoing respecting "his financial condition," and thereby brought the representation within the language of the section of the Bankruptcy Act above quoted. This would seem to be so clear, on principle, that it is difficult to grasp any argument to the contrary.

The only case which seems to treat of this subject is In re Applebaum, 11 F.(2d) 685, 686, decided by the Circuit Court of Appeals, Second Circuit, in which a decree of the Southern District Court, dismissing specifications for discharge, was affirmed in a case in which the bankrupt was the sole stockholder of a corporation concerning which a false statement had been issued. In the course of that opinion, the following language occurs:

"To put a bare instance: Suppose the bankrupt wishes to accommodate another person and indorses his note, making a false statement as to the maker's financial ability, to secure its acceptance. The holder would be the bankrupt's creditor, but by hypothesis the money would go to the maker. A majority of the court believes that the statement would not bar the bankrupt's discharge, because he had not obtained the money."

The reasoning upon which that conclusion was announced seems to have been rejected by the Supreme Court in Levy v. Industrial

Finance Corporation, 276 U. S. 281, 48 S. Ct. 298, 72 L. Ed. 572, in which a contrary conclusion was reached.

It is believed, therefore, that the Applebaum Case is no longer controlling upon this issue. That case and the Levy Case were decided under the law as it existed prior to the amendment of 1926, and it is urged, on behalf of the bankrupt in this case, that the rule of decision of the Levy Case is not binding here, because of the following paragraph appearing in the opinion of Mr. Justice Holmes:

"The later amendment, by the Act of May 27, 1926, c. 406, § 6, 44 Stat. 662, 663 (11 USCA § 32), serves to limit the bars to a discharge more narrowly and by indirection to favor the defendant's position by a change of the words to 'a materially false statement * * * respecting his financial condition.'"

It will be recalled that, in the Levy Case, the bankrupt was not the exclusive stockholder of the corporation in question, but, with his sister-in-law, owned more than two-thirds of the stock.

The distinction between that condition and the one now under examination seems to be obvious, namely, the statement of the condition of the corporation in which Levy was not the only stockholder was not of necessity a statement of "his financial condition."

The statement by this bankrupt of the condition of H. Licht, Inc., was a statement of his financial condition to the extent that the corporation was an element of his property holdings, and it was nothing else.

If this bankrupt had made a materially false statement concerning any other part of his property, thus, that he owned unincumbered real estate (giving its description) of the value of $100,000, while, in truth, the said real estate was incumbered to the extent of $80,000, there would be no argument made as to the applicability of section 14b, subdivision (3), 11 USCA § 32(b)(3), and it is not believed that an essentially different situation is presented by the allegedly false statement concerning the net worth of this corporation, which was merely property of the bankrupt, held for his own convenience in a corporate form.

In the belief that honesty and fair dealing are equally important whether the property covered by the statement be held in a corporate guise or by individual title, the exceptions to the specification in question will be overruled. Settle order on two days' notice.