## In re RATNER.

### No. 17508.

District Court, W. D. Pennsylvania.

Nov. 4, 1932.

William M. Kahanowitz, of Greensburg, Pa., and Frank R. Kaplan and Isidore M. Goldsmith, both of Pittsburgh, Pa., for Charles I. Ratner.

Morris Cohen, receiver.

Leonard M. S. Morris, of Greensburg, Pa., for receiver.

J. Raymond Sowash, of Greensburg, Pa., referee.

Alter, Wright & Barron and Kountz & Fry, all of Pittsburgh, Pa., for Arbuthnot-Stephenson Co.

John Mollison and Marker & Rial, all of Greensburg, Pa., for Community Savings & Loan Co.

GIBSON, District Judge.

Exceptions were filed to the confirmation of a composition offered by the bankrupt, and the matter referred to the referee, as special master, to take testimony and report. Upon report of the special master recommending dismissal of the exceptions, objections have been filed to the confirmation of that report.

The special master has found facts as follows:

I. On May 14, 1931, Charles I. Ratner, the bankrupt, signed a statement of his financial condition as of February 1, 1931, and handed the same to a representative of R. G. Dun & Co., a mercantile agency.

II. The statement was actually prepared by Mrs. Ruth Kohl, who had then been bookkeeper for the bankrupt for eight years.

III. The bankrupt made no entries in the books, was not familiar with them, and at the time of signing the financial statement did not consult the books to ascertain the correctness of the figures.

IV. The figures contained in the statement were erroneous and incorrect in the following respects:

(1) The statement showed item of accounts payable as $12,007.53, whereas the amount of accounts payable as of February 1, 1932, as shown on the books of the bankrupt introduced in evidence, was $17,118.05.

(2) The statement showed furniture, fixtures, and supplies (less depreciation) to the value of $13,500.70, which was the cost to the bankrupt, and failed to show an item of reserve for depreciation of furniture and fixtures of $8,347.17, which appeared on the books of the bankrupt.

(3) The statement showed accounts receivable as $12,007.53, and failed to show an item of reserve for depreciation of bad accounts of $2,100, which appeared on the books of the bankrupt.

V. The bankrupt obtained credit from Arbuthnot-Stephenson Company by reason of this financial statement.

VI. The financial statement made by the bankrupt was not materially false within the meaning of the Bankruptcy Act (11 USCA).

The last finding is not of fact but is a conclusion of law.

The only objection to the confirmation of the composition urged before the referee, and before this court upon exception to his report, was one which asserted, in substance and effect, that bankrupt had obtained merchandise from a named creditor by making, or causing to be made, a materially false statement in writing respecting his financial condition. The referee found the statement to be false to the extent that it showed bankrupt to be worth $15,000 more than was actually the fact, and that property was obtained by means of the false statement, but absolves bankrupt from the natural results by reason of alleged ignorance of the discrepancy between his own books and the report, the report having been prepared by a bookkeeper.

The facts in this case are quite similar to those in Morimura, Arai & Co. v. Taback, 279 U. S. 24, 49 S. Ct. 212, 73 L. Ed. 586, and Woolen Corporation of America v. Gitnig, 33 F.(2d) 259 (C. C. A. 3), and seem to call for similar decision. In each of those cases the bankrupt had issued a report which was false and not in accordance with his books. The bankrupt in each case had signed the report without looking at his books, and this failure was held by the court to exhibit such a reckless indifference to the actual facts as to compel the disallowance of the composition settlement.

It would be contrary to sound policy to permit one making a false report of financial condition to unload upon a clerk the responsibility which is peculiarly his own. The exception to the special master's report will therefore be sustained and the composition denied. Let an order to this effect be granted.