## HARTSFIELD CO. v. SMITH.
### No. 6634.

Circuit Court of Appeals, Fifth Circuit.

Nov. 14, 1932.

Mose S. Hayes, of Atlanta, Ga., for appellant.

Harry S. McCowen, of Atlanta, Ga., for appellee.

Before BRYAN, FOSTER, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

From an order of the District Judge granting a discharge to a bankrupt, an objecting creditor appeals. The grounds of objection were that the bankrupt had knowingly and fraudulently made a false statement in writing and thereby induced appellant to lend one C. W. Bishop the sum of $375, and to accept the bankrupt as an indorser or guarantor on the note evidencing the loan. The bankrupt signed the statement on a blank form furnished by appellant which called for answers to printed questions as to whether the bankrupt owned real estate, the price paid for it, total mortgage against it, total indebtedness aside from the mortgage, total amount for which bankrupt had indorsed or signed as security for others, and his net worth. The bankrupt answered that he owned real estate, did not answer the questions as to the price paid or as to the mortgages upon it; stated that his total indebtedness aside from the mortgage indebtedness was $100, that the total amount for which he had indorsed or signed as security for others was $500, and that his net worth was $15,000. The evidence disclosed that the bankrupt failed to include a debt of more than $6,000 to his employer, M. L. Thrower. The bankrupt testified that he owned 35 or 40 pieces of real property, which he considered worth at least $15,000 in excess of the mortgages upon it; that Thrower handled this property for him, collected the rents; that the rents amounted to between $800 and $900 per month; that at the time of making the statement complained of he did not know that he had overdrawn his rental account, but that in any event he considered his indebtedness to Thrower as coming under the head of mortgages or liens on his real estate. He claimed that he had simply made a mistake of about $500 in stating the amount for which he had indorsed or signed as security, and disclaimed any intention of making a false statement or of deceiving appellant.

The Bankruptcy Act by section 14b (3), as amended by Act May 27, 1926, § 6, requires a District Judge to hear the application for a discharge, investigate the merits of the application, and discharge the applicant, unless he has " * * * (3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing * * * a materially false statement in writing respecting his financial condition," etc. 11 USCA § 32 (b) (3). Prior to that amendment a bankrupt was entitled to a discharge unless he had "obtained money or property on credit upon a materially false statement in writing, made by him to any person or his representative for the purpose of obtaining credit from such person," etc. The application for discharge in this case occurred in 1930, and therefore the amendment of 1926 is applicable to it. The District Judge in a written opinion in 1 F. Supp. 847, held, first, that the bankrupt, since he did not obtain any money or credit for himself, but only indorsed or stood security for another who derived all the benefit, was entitled to a discharge notwithstanding the provision above quoted from the Bankruptcy Act; and, secondly, that, even if that provision were applicable, the bankrupt on the

showing made was entitled to a discharge, because his statement in writing was not materially false.

■ In our opinion, a bankrupt, who by a materially false written statement respecting his financial condition enables another to obtain money or credit upon his indorsement, is not entitled to a discharge over the objection of a creditor who relying upon that statement advanced the money or extended the credit. The Supreme Court has held that under such circumstances the president of a corporation, of which he was general manager and a large stockholder, was not entitled to a discharge from bankruptcy where a loan was obtained for the corporation. Levy v. Industrial Corp., 276 U. S. 281, 48 S. Ct. 298, 72 L. Ed. 572. In that case it was said: "A man obtains his end equally when that end is to induce another to lend to his friend and when it is to bring about a loan to himself." We are unable to see any difference in principle between that case and this. As to the second ground of his opinion dealing with the facts, we accept the conclusion of the District Judge. As stated by him, it is not sufficient that the "materially false statement," referred to in the section of the Bankruptcy Act under consideration, is untrue, erroneous, or mistaken; such statement, in order to constitute a bar to the discharge of the bankrupt, must be false in the sense that it is intentionally untrue. Gilpin v. Merchants' Nat. Bank (C. C. A.) 165 F. 607, 20 L. R. A. (N. S.) 1023; Franklin v. Monning Drygoods Co. (C. C. A.) 217 F. 929; In re Rosenfeld (C. C. A.) 262 F. 876; In re Matthews (C. C. A.) 272 F. 263; Farmers' Savings Bank v. Allen (C. C. A.) 41 F.(2d) 208.

■ Certainly the evidence fell far short of sustaining the allegation of appellant's petition that the statement was fraudulent. Upon that allegation appellant had to stand or fall. In re Gaylord (C. C. A.) 112 F. 668; In re Troeder (C. C. A.) 150 F. 710; In re Newmark (C. C. A.) 249 F. 341; Scales v. A. L. Stone & Son (C. C. A.) 22 F.(2d) 676. That statement on its face was incomplete, in that it did not state in the blanks provided for the purpose the price paid for the real estate, or the amount of the mortgage indebtedness that was against it. And the statement of total indebtedness excluded the mortgage indebtedness. The indebtedness of about $6,000 to Thrower, which is all so far as appears that made the bankrupt's statement of indebtedness of $100 inaccurate, arose out of the bankrupt's real estate transactions, which he might very well have considered were not covered by the statement. Appellant accepted the bankrupt's representations without requiring the complete statement called for by the form which it furnished. Manifestly it could not know the net worth of the real estate without knowledge of its value or of the incumbrances upon it. It therefore was advised that the bankrupt's representation of his net worth was at best an estimate. The bankrupt's representation that he was liable as an indorser for $500, whereas the proof showed he was so liable for $1,000, can as well be attributed to an honest mistake as to a deliberately false statement. If his net worth was $15,000, it would seem to make little difference whether his liability was $500 more or less. In either event, he would be able to make good his indorsement of $375 for Bishop. On the whole, we are not justified in saying that the District Judge erred in his conclusion upon the facts.

The order appealed from is affirmed.