65 F.2d 777 (1933)
In re LITTLE.
LITTLE
v.
COMMERCIAL BILL CORPORATION.
No. 438.
Circuit Court of Appeals, Second Circuit.
June 27, 1933.
Latson & Tamblyn, of New York City, for appellant.
*778 Maxwell M. Schenkel, of New York City (Benjamin K. Mirsky, of New York City, on the brief), for appellee.
Before MANTON, SWAN, and CHASE, Circuit Judges.
SWAN, Circuit Judge.
In opposition to the bankrupt's petition for a discharge, the appellee filed amended specifications of objection predicated upon subdivision 3 of section 14b of the Bankruptcy Act, as amended in 1926, 44 Stat. 663, § 6, 11 USCA § 32 (b), subd. 3. This precludes the granting of a discharge to a bankrupt, if he has "(3) obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition."
The objecting creditor charged that the bankrupt obtained from it a loan of $12,000 by falsely and fraudulently representing in writing that he was the president of a duly organized corporation known as Flatbush School, Inc., which owned certain specified assets and had a surplus of some $60,000, whereas in fact there was no such corporation, it had no assets or surplus, and the bankrupt was not its president.
It may well be doubted whether the specifications were sufficient in law. Taken literally, none of the statements alleged to be false relates to the bankrupt's financial condition, as it clearly must under the terms of the statute. In re Current, 63 F.(2d) 640, 641 (C. C. A. 7); Levy v. Industrial Finance Corp., 276 U. S. 281, 283, 48 S. Ct. 298, 72 L. Ed. 572. Cf. In re Licht, 45 F.(2d) 844 (D. C. S. D. N. Y.); In re Adams, 44 F.(2d) 670 (D. C. N. D. Tex.). But in any event there was no fraud in the respects charged, for the District Court held that the creditor knew before making its loan that Flatbush School, Inc., had not yet been incorporated and that the statement related to assets which the bankrupt proposed to transfer to it as soon as incorporation could be effected. The record amply supports that finding.
A discharge may be denied only upon a ground covered by the specifications of objection. In re Feinsilver, 24 F.(2d) 408 (C. C. A. 2); In re Russell, 52 F.(2d) 749 (D. C. N. H.). Apparently the court below treated Exhibit 1, the "consolidated balance sheet" of the proposed corporation, as being also a financial statement of the bankrupt, and the charge that the corporation did not have the stated surplus as a charge that Little did not. The order appealed from sustains "the specification in the objections that said bankrupt misrepresented his financial condition." Assuming that the specifications may be so construed, we do not find any proof that Exhibit 1 was false and fraudulent.
When the creditor rested, it had attempted to prove only that there was no such corporation as Flatbush School, Inc., and that it had advanced its money in ignorance of such fact. When witnesses for the bankrupt took the stand, it was developed that there were overdue taxes upon land listed in Exhibit 1 and defaults in mortgage interest and amortization instalments. All these liabilities, however, were included in the items of "accounts payable (school)" and "mortgages." The appellee argues vehemently that the failure to classify these arrears separately made the statement fraudulently false. We think not. The statement was prepared by an accountant and submitted to the bankrupt's attorney; it was obviously a condensed summary. All the liabilities were included in the totals. Under these circumstances a charge of willful fraud should not be inferred from the mere failure to list separately the liabilities in question. Cf. Farmers' Savings Bank v. Allen, 41 F.(2d) 208, 211 (C. C. A. 8); In re Rosenfeld, 262 F. 876, 878 (C. C. A. 2); Hartsfield Co. v. Smith, 61 F.(2d) 723, 724 (C. C. A. 5).
Fraud is also sought to be predicated upon an item of "Bonds $48,800." In 1917 Little had placed a second mortgage upon the land occupied for his unincorporated school and had issued bonds in the name of the Flatbush School. They were of course his personal obligations. Apparently he had subsequently reacquired some of them. Since the second mortgage was included at $90,000 among his liabilities, it was proper to list as an offsetting asset the bonds that were no longer outstanding, or, if treated as outstanding, were owned by Little. Some of the bonds were pledged as security for the appellee's loan, and Little was orally questioned as to their value. He did not disclose that the interest due in December, 1929, was unpaid on some of the second mortgage bonds, nor the existence of unpaid taxes and arrears under the first mortgage, to which reference has previously been made. The District Judge thought such nondisclosure was not consonant with fair dealing, and it was upon this ground that Little was denied his discharge. But failure to make a full and fair *779 oral disclosure is not a ground for denying a bankrupt his discharge. There must be a false and fraudulent statement in writing. The written statement was that the bonds were valued by Little at par. No effort was made to prove that valuation false. According to the statement, the land had an equity above mortgages of more than $75,000. The fact that there were defaults in taxes and mortgage interest, for relatively small sums, does not prove that the bonds had not the value Little ascribed to them, much less that he ascribed that value fraudulently. We see no reason to doubt that he honestly believed them worth par.
For the foregoing reasons we think it was error to sustain the specifications. The order is reversed, and the cause remanded, with directions to grant the appellant's petition for discharge.