## WILENSKY v. GOODYEAR TIRE & RUBBER CO., Inc., et al.

### No. 2831.

Circuit Court of Appeals, First Circuit.
Nov. 10, 1933.

Ralph Cohn, of Boston, Mass. (Bernard A. Riemer, of Boston, Mass., on the brief), for appellant.

Louis B. King, of Boston, Mass. (Friedman, Atherton, King & Turner, of Boston, Mass., on the brief), for appellees.

Before WILSON, MORTON, and HALE, Circuit Judges.

HALE, District Judge.

This case is before us on appeal by the bankrupt, James Wilensky, from the decree of the United States District Court, refusing him a discharge in bankruptcy. On objections to discharge the referee found that "the bankrupt conducted a transportation business in the name of a corporation called the Interstate Transit Company, of which he owned all the stock. In the name of the Interstate Transit Company the bankrupt applied to this objector for credit and to secure that credit he issued, in the name of the Interstate Transit Company, a statement in writing which was materially false in several important respects. The objector, in part reliance upon the statement in question, and in part reliance on the endorsement of the bankrupt, extended to the Interstate Transit Company the credit requested. It is clear to me that the bankrupt, by a materially false statement in writing, made for the purpose, obtained credit for his own benefit. I recommend that his discharge be denied."

After a hearing upon this report, the District Court decreed that the discharge be refused.

The assignments of error do not set out "separately and particularly, each error assigned and intended to be urged," as required by rule 11 of this court. It is apparent, however, that the appellant seeks to raise two questions, first, that although the referee found that the statement of the bankrupt relating to his credit was false, he did not find that it was intentionally false; and so did not bring the case within section 14b (3) of the Bankruptcy Act, 11 USCA § 32 (b) (3): and, second, that the referee did not find that the bankrupt himself issued a statement "respecting his financial condition."

The bankrupt has not met the burden of furnishing the court with a record of the testimony in this case. By the amendment of 1926 (11 USCA § 32 (b) (7), it is provided that if on hearing of objections to a discharge the objector shall show to the satisfaction of the court that there are reasonable grounds for believing that the bankrupt has committed any of the acts which under this paragraph would prevent his discharge in bankruptcy, then the burden of proving that he has not committed any such acts shall be upon the bankrupt. Brown's Guide. Appendix p. 16.

▇ 1. Section 14b (3) of the Bankruptcy Act (11 USCA § 32 (b) (3) provides that the court must discharge the applicant unless he has "obtained money or property on credit, or obtained an extension or renewal of credit, by making or publishing, or causing to be made or published, in any manner whatsoever, a materially false statement in writing respecting his financial condition." The courts have held that before refusing a discharge the court must be satisfied that the bankrupt's statement was knowingly and intentionally untrue.

In Gilpin v. Merchants' National Bank, 165 F. 607, 611, 20 L. R. A. (N. S.) 1023, speaking for the Circuit Court of Appeals for the Third Circuit, Judge Gray said:

"In other words, 'false statement' connotes a guilty scienter on the part of the bankrupt. This primary and ordinary meaning of the word 'false' cannot be ignored. It is the primary meaning given in the ordinary lexicons of the English language. Webster gives as its primary meaning: 'Uttering falsehood; unveracious; given to deceit; dishonest.' As an adjective, it is correlative with the noun 'falsehood.' To charge a person with making a false statement, is equivalent to charging him with uttering a falsehood, and imputes moral delinquency to the person so charged. * * * In Black's Law Dictionary, under the title 'false,' it is said: 'In law, this word means something more than untrue; it means something designedly untrue and deceitful, and implies an intention to perpetrate some treachery or fraud.' In a recent and well accepted publication called 'Words and Phrases,' the word 'false' is thus defined:—'False means that which is not true, coupled with a lying intent.' Wood v. The State, 48 Ga. 192, 297, 15 Am. Rep. 664. 'False in jurisprudence usually imports something more than the vernacular sense of "erroneous" or "untrue." ' "

In the case before us, the District Court based its action upon report of the referee who found that the bankrupt had obtained credit for his own benefit by a materially false statement in writing, "made for the purpose." It seems clear to us that this is an actual finding that the statement was made intentionally. If we apply Judge Gray's interpretation to the statement, we are left in no doubt.

2. Did the bankrupt himself obtain credit by making a materially false statement in writing respecting his financial condition?

The statement was issued by the bankrupt nominally as an officer of a corporation. The bankrupt urges that this was not a financial statement of the bankrupt and does not bar him from obtaining a personal discharge. The referee finds that the statement made by the bankrupt was made "to secure credit" and that by it he obtained credit "for his benefit." Clearly it was a financial statement. It was made by the bankrupt for the purpose of obtaining credit in the name of a corporation of which he "owned all the stock." "All benefits resulting from the credit given in reliance upon his financial statement" came to the bankrupt. In Levy v. Industrial Finance Corporation, 276 U. S. 281, 283, 48 S. Ct. 298, 72 L. Ed. 572, in speaking for the Supreme Court, Mr. Justice Holmes said:

"It would seem that so far as policy goes there is no more reason for granting a discharge to a man who has fraudulently obtained a loan to a corporation which is owned by him and in which his interests are bound up than for granting one to a man who has got money directly for himself. In re Dresser & Co. (D. C.) 144 F. 318. It is true that the narrower construction is somewhat helped by the words 'for the purpose of obtaining credit from such person,' which naturally would be taken to mean for the purpose of obtaining credit for himself and so would fortify the interpretation that only immediate benefit was contemplated. But we cannot think it possible that the statute should be taken to allow an escape from its words, fairly read, by the simple device of interposing an artificial personality between the bankrupt and the lender. We go no farther than the facts before us, and without intimating that our decision would be different, we express no opinion as to how it would be if the bankrupt had no substantial pecuniary interest in the borrower's obtaining the loan. The later amendment by the Act of May 27, 1926, c. 406, § 6, 44 Stat. 662, 663 (11 USCA § 32 [a, b]), serves to limit the bars to a discharge more narrowly and by indirection to favor the defendant's position by a change of the words to 'a materially false statement * * * respecting his financial condition.' "

The amendment of 1926, to which attention has been called, omitted the words "made by him to any person or his representative for the purpose of obtaining credit from such person," and inserted the words "or obtained money or property on credit * * * by making or publishing, or causing to be made or published, in any manner whatsoever." Until this amendment a discharge could not be denied where the debtor promulgated materially false statements as to his financial condition through commercial and trade agencies, and where such statements were not given to a person for the purpose of obtaining credit "from such person." Brown's Guide, p. 15, Appendix.

In the case In re Licht, 45 F.(2d) 844, the United States District Court in the New York District noted that in the Levy Case the bankrupt was not the exclusive stockholder of the corporation in question; and so the statement of the condition of the corporation was not of necessity a statement of "his financial condition." It noted further that where the bankrupt owns all the stock in the corporation in question in reference to which the statement is made, his interests are completely bound up in it, and the corporation is an "element in his property holdings and nothing else."

In the instant case it is clear that the amendment of 1926 does not apply to the facts before us or control our conclusion.

Although the amendment in question may be held to tend to "limit the bars to a discharge," it clearly does not so limit them as to give a discharge to a bankrupt whose statement as to his financial condition was made under all the conditions which we have stated as an officer of a corporation of which he owned all the stock and in which his interests are completely bound up. We think the Bankruptcy Act should not be taken to allow an escape from its intent by the device of "interposing an artificial personality between the bankrupt and the lender."

The decree of the District Court is affirmed, with costs to the appellees in this court.