## In re BECKERMAN.
### No. 31665.

District Court, E. D. New York.
Sept. 21, 1937.

664

Samuel L. Marcus, of New York City, for objecting creditor (for the motion).

Finkelstein & Jacobs, of New York City, for bankrupt (opposed).

BYERS, District Judge.

Motion to confirm report of referee recommending denial of discharge.

The bankrupt was the co-maker of a note given to the Modern Industrial Bank, the objecting creditor, on or about May 26, 1936.

He testified that he did not receive the proceeds of the loan in whole or in part. He submitted with the application, however, a financial statement from which he omitted as a liability a judgment against him entered May 18, 1933, in the sum of $1,058.77.

That the statement was therefore materially false is not disputed by the bankrupt's attorneys on this argument, their contentions being that the record does not show that the statement was intentionally false, or that the bank relied upon it.

As to the latter, the record indicates that the officer of the bank who was a member of the credit committee on the date of the loan was asked before the referee:

"Q. Will you tell his Honor on what the committee relied in granting this loan?"

Objection was sustained on the ground that the operation of the witness' mind was called for.

It seems fairly obvious that the bankrupt cannot have both the benefit of the objection and his present argument.

The ruling has not been challenged, although in passing it is to be observed that what the question called for was a statement of ultimate fact, not the process by which it was established.

The same witness was also asked what was considered by the committee, and the same objection was sustained.

He was also asked if any other papers were before the committee, and his answer, "This was the statement as submitted to us at the time", was stricken on the bankrupt's motion.

The law touching these matters has a serious purpose, which is fairly well understood in commercial and legal circles. That purpose should not be frustrated through the medium of such specious argument as is now advanced.

The result reached is in accord with what was written in Levy · v. Industrial Finance Corporation, 276 U.S. 281, at page 283, 48 S.Ct. 298, 72 L.Ed. 572. See, also, Hartsfield Co. v. Smith (C.C.A.) 61 F.(2d) 723.

As to the intentionally false nature of the statement, there can be no reasonable doubt that the bankrupt was aware of the judgment in question, for he made application to vacate a default against him, and interpose an answer, and later that pleading was filed, and thereafter the judgment in question was entered.

Motion granted. Settle order.