## In re BERMAN.

### No. 39798.

District Court, E. D. New York.

Aug. 8, 1941.

Herman E. Hoberman, of Brooklyn, N. Y. (Samuel J. Sussman, of Brooklyn, N. Y., of counsel), for bankrupt.

Henry W. Parker, of New York City, for creditor.

ABRUZZO, District Judge.

This is a motion by the bankrupt for an order granting his petition for review and reversing the order of the Referee denying his discharge.

The objecting creditor filed specifications of objections, containing but one specification—the making of a false financial statement by the bankrupt upon which he obtained a loan from the Household Finance Company.

In March of 1938, the bankrupt obtained a loan from the Household Finance Corporation and in a written financial statement to that corporation the bankrupt stated that he had no debts, whereas in fact there was a judgment against him in favor of the Morris Plan filed in October, 1931.

There was introduced in evidence a financial statement, dated March 30, 1938, sworn to by the bankrupt before a notary public in which the bankrupt stated that he had no debts. The bankrupt claims that he signed this statement in blank and that probably his wife inserted the word "None" under the heading of creditors when she signed as co-maker. The manager of the branch of the Household Finance Corp., where the loan was consummated, testified that he did not remember whether the bankrupt's wife was present when the bankrupt signed the statement, nor did he remember whether the word "None" appeared on the statement when the bankrupt signed it.

The bankrupt contends that under the decisions he must be granted his discharge and cites Matter of Bertha Lovich, 2 Cir., 117 F.2d 612, 614, 133 A.L.R. 673, which states: "The denial of a discharge to the present appellants must depend solely on the fact that they entrusted Boris Lovich with general authority to transact their business. No decision has been found which has actually gone to that extreme. In the case of In re Savarese, 2 Cir., 209 F. 830 [31 A.B.R. 758], this court was careful to point out at page 832 [page 760 of 31 A.B.R.] that the bankrupt should have known that the agent's statement was false.

See also In re Simon Weltman & Co., D.C. S.D.N.M., 2 F.2d 759, 761 [3 A.B.R., N.S., 140], and compare In re Landersman, D.C.N.J., 239 F. 766, 769 [38 A.B.R. 685], where the question is discussed but not decided. On principle we think that more should be shown to justify withholding a discharge than that an agent made a fraudulent statement within the scope of a general authority to transact the bankrupt's business. A discharge is a privilege accorded to bankrupts by the statute unless they are chargeable with conduct showing some lack of personal business morality. Laying aside cases of corporate bankrupts, as to which no decision is now required, we believe that when a false statement is made by an agent, some additional facts must exist justifying an inference that the bankrupt knew of the statement and in some way acquiesced in it or failed to investigate its accuracy. No such inference is possible in the case at bar. Consequently the order is reversed with directions to grant the discharge."

The instant case seems far different from the Lovich matter. The bankrupt herein signed the statement himself and swore to it. He must be held to be responsible for the natural consequences of his acts. He is accountable for each and every fact contained in the statement he signed and cannot avoid these responsibilities by contending that his wife filled it in and therefore he is not liable for the acts of his agent. The cases are distinguishable and the Referee was justified in denying the discharge.

Motion denied.