**In re FORMAN.**

**No. 40374.**

District Court, E. D. New York.

Aug. 21, 1941.

Samuel G. Litwin, of New York City, for bankrupt, for the motion.

Henry W. Parker, of New York City, for Morris Plan Industrial Bank of New York, objecting creditor, opposed.

CAMPBELL, District Judge.

The objecting creditor filed four specifications of objections to the application of the bankrupt for a discharge.

The referee dismissed the second and fourth specifications, and sustained the first and third to which alone our attention will be directed.

They read as follows:

"First: That the bankrupt obtained money on credit by making or causing to be made or published a materially false state-

ment in writing respecting his financial condition, in that on or about the 6th day of December, 1940, the Modern Industrial Bank made a loan on a note signed by the bankrupt, and others in the amount of $100, of which one Leon Miller had the proceeds, and in a written statement made by the bankrupt in support of his signature as a comaker on said note, the bankrupt represented that he was a partner in the F. & B. Casing Co., which statement was false and was known by the bankrupt to be false, in that in truth and in fact the bankrupt was not a partner in the F. & B. Casing Co. and said statement was relied upon by the Modern Industrial Bank in extending such credit and was materially false."

"Third: That the bankrupt obtained money on credit by making or causing to be made or published a materially false statement in writing respecting his financial condition, in that on or about the 25th day of June, 1940, the Modern Industrial Bank made a loan of $100, of which one Leon Miller had the proceeds, on a note signed by the bankrupt and others, and in a written statement in support of his signature on said note the bankrupt represented that he was not a borrower from any other bank or loan company and that there were no judgments against him, whereas, as the bankrupt well knew, such written representations were false in that the bankrupt was then a borrower from this Objecting Creditor and said Objecting Creditor has obtained a judgment against him which was then and still is wholly unpaid, and such representations were relied upon by the Modern Industrial Bank in extending such credit and were materially false."

We will, at the outset, consider the third specification of objection.

One, Leon Miller, desired to obtain a loan of $100 from Modern Industrial Bank, and at his request the bankrupt signed a comaker statement in blank, and delivered the same to said Leon Miller to use in obtaining the loan.

The bankrupt knew, and told Miller at the time he signed the comaker statement in question, that he was indebted to Morris Plan Bank on a loan of his own, and that they had a judgment against him. (S.M. p. 4.) He also told Miller that he had judgments against him, and they wouldn't take his signature. (S.M. p. 6.)

The bankrupt knew when he delivered the comaker statement, signed in blank, to Leon Miller, that he intended to use it in securing a loan, and that if the questions were truthfully answered the loan would in all probability not be made, and, he testified, that in reply to what the bankrupt said about a judgment against him, Miller said "that he has got to have two comakers and he needs the money and he will take a chance."

It is obvious that the bankrupt gave the statement signed by him in blank to Miller to fill in as he saw fit, and that the bankrupt never sought to find out what answers were written on the statement before using, and he thus permitted a fraud to be perpetrated on the Modern Industrial Bank.

■ It is not of moment that the Modern Industrial Bank is not opposing the discharge, nor that the loan was paid before bankruptcy, nor that the proceeds of the loan were not received by the bankrupt. In re Ernst, 2 Cir., 107 F.2d 760.

■ The statement, when presented to the Modern Industrial Bank, contained the statement that the bankrupt had no outstanding loans of his own, nor judgments outstanding against him. That was a materially false statement, and the Modern Industrial Bank relied on the statement.

The bankrupt, by his actions, and failure to see that the statement was properly and truly filled out, caused to be published a materially false statement in writing respecting his financial condition, on which credit was obtained, and by which, he induced the Modern Industrial Bank to make the loan to his friend Miller, and was properly denied a discharge. In re Savarese, 2 Cir., 209 F. 830; In re Kellerman et al., D.C., 2 F.Supp. 520; In re Ratner, D.C., 2 F. Supp. 530; In re Frank Camberlango, D.C.E.D.N.Y., 40 F.Supp. 892, opinion of Inch, J., January 21, 1941; In re Berman, D.C.E.D.N.Y., 40 F.Supp. 242, opinion of Abruzzo, J., August 8, 1941.

In re Applebaum, 2 Cir., 11 F.2d 685, cited on behalf of the bankrupt, appears to have been overruled by Levy v. Industrial Finance Corp. et al., 276 U.S. 281, 48 S.Ct. 298, 72 L.Ed. 572.

The third specification is sustained.

The same authorities cited in support of the referee's action on the third specification are applicable to the first specification.

■ By check mark the statement to the Modern Industrial Bank indicated that the bankrupt was a partner in the F. B. Casing Co. That statement was material as concerning his financial condition, and was false, and was relied upon by the Bank, in

giving credit for the bankrupt's friend. That the statement was false in that particular is not denied, in fact, the bankrupt admitted that he had never been a partner in the F. B. Casing Co.

The first specification is sustained.

The motion for a review of the order of the referee of July 8, 1941, is denied, the petition to review is overruled and dismissed, and the order of the referee, which it is sought to review herein, is confirmed.