## In re CAVICCHIO.
## No. 43424.

District Court, E. D. New York.
May 17, 1947.

Angelo Costantino, of Staten Island, for bankrupt.

Carl D. Isaacs, of Staten Island, for trustee.

BYERS, District Judge.

A motion for an order dismissing a petition for review was noticed for May 16, 1947, and the attorney for the bankrupt appeared for the motion, and the attorney for the trustee in opposition; the latter had filed a petition for review returnable on May 23rd, but since both attorneys were in court, they agreed that the two aspects of the same question should be presented on the 16th.

The only material question which requires consideration is the Second Specification of Objection to discharge, reading as follows: "Second: That said bankrupt obtained money and property on credit upon a material false statement in writing, made by him to divers persons and their representatives for the purpose of obtaining credit from such persons."

Concededly the foregoing is not sufficiently specific in form to meet the requirements of good pleading, but apparently the point has not been raised, and evidence was taken without objection before the Referee concerning two applications for loans made by the bankrupt to the South Shore Bank, namely, Objectant's Exhibits 1 and 2.

The Referee entered an order granting the discharge on June 14, 1945, and nine days later the trustee filed a petition for review, and in connection therewith the written decision of the Referee, bearing date May 10, 1945, was filed, and one paragraph thereof reads as follows: "The attorney for contestant failed to produce any official of the bank or to present any testimony to controvert the testimony of the bankrupt as to the facts so alleged, and I therefore find that the second specification is not proven."

The foregoing follows a recital which need not be set forth in full but which summarizes the transactions in question. As to the loans of July 14, 1942, and August 31, 1942, the Referee says that the bankrupt knew of the existence of judgments against him, and that those loans were paid off in due course, which means that the bank lending the money did not have any claim to file in this proceeding.

The decision says further: "It is the bankrupt's contention that in each case he signed the application in blank. When he made the additional loan for the purpose of obtaining money to file a petition in bankruptcy, he testified that he disclosed these facts to Mr. Pape, officer at the bank, and

that each of the loans was made by the bank based on the chattel mortgage on the car as security."

This means that the bank made a loan to a man who was already in bankruptcy, or about to file a petition, and it seems incredible that such an arrangement would be made, unless upon two-name paper, for the chattel mortgage would necessarily be set aside, and the borrower would obviously be insolvent at the time that he made the application.

The first quotation above given seems to be in plain disregard of the testimony of Fred J. Rheinheimer, Assistant Cashier of the South Shore Bank, who testified that each time that the word "No" appeared on Exhibits 1 and 2, which were application blanks for the loan, the writing was not that of any person who was in the employ of the bank on either August 31, 1942, or July 14, 1942, and that a former employee of the bank by the name of Rosenfeld, whose criminal activities seem to have ended in his prosecution and imprisonment, was not in the employ of the bank during those months.

I am loath to set aside the Referee's determination as being clearly erroneous, and therefore remit the record to him for further consideration of the testimony, and perhaps the calling of other witnesses, since the Referee may wish, upon further consideration, to change his statement that the attorney for the contestant failed to produce any official of the bank, because Mr. Rheinheimer was such an official, and his testimony, if accepted, certainly controverts that of the bankrupt as to the portions of the applications for loan bearing the negative statement referred to.

Moreover, the Referee may wish to consult the decisions cited by the attorney for the trustee, as follows: In re Berman, D.C., 40 F.Supp. 242; In re Forman, D.C., 40 F.Supp. 889; In re Camberlango, D.C., 40 F.Supp. 892; and the other cases cited in the brief filed by the attorney for the trustee on this argument, and which will be returned with these papers for the information of the Referee. Settle order.