253 F.2d 685
 In the Matter of Pincus M. MARCUS, Bankrupt-Appellant.
New York Credit Men's Adjustment Bureau, Inc., as Trustee in Bankruptcy of P. M. Undergarment Corp., Objecting Creditor-Appellee.
 No. 181.
 Docket 24668.
 United States Court of Appeals Second Circuit.
 Argued February 14, 1958.
 Decided April 9, 1958.
 
 Curran, Mahoney, Cohn & Stim, New York City (Menahem Stim, New York City, of counsel), for bankrupt-appellant.
 Seaver & Feigenbaum, New York City (Irving J. Seaver and Murray Feigenbaum, New York, City, of counsel), for objecting creditor-appellee.
 Before HINCKS and LUMBARD, Circuit Judges, and GALSTON, District Judge.
 GALSTON, District Judge.
 The bankrupt, Pincus M. Marcus, appeals from an order of the District Court for the Southern District of New York (Bryan, J.) dated March 27, 1957, denying his discharge which had been granted by a Referee in Bankruptcy.
 
 
 1
 Marcus was adjudicated a bankrupt on his voluntary petition on September 30, 1955. Appellee, as trustee in bankruptcy of P. M. Undergarment Corp., was a judgment-creditor of Marcus and filed specifications of objections to his discharge. It had obtained a judgment of $88,000 against Marcus which was listed by Marcus in his schedules and represented more than one-half of his scheduled non-tax liabilities. P. M. Undergarment Corp. was adjudicated a bankrupt in 1953. Marcus was the sole stockholder, president and principal officer of P. M. Undergarment Corp.
 
 
 2
 In our view of the record, the main objection to the discharge of the bankrupt was on the ground that he had obtained property on credit by making a materially false statement in writing respecting his financial condition. The specification of objection[1] averred that in October and November, 1952, Marcus obtained for P. M. Undergarment Corp. merchandise of the value of $28,413.78 from Cantor Greenspan Co., Inc. on credit by making and delivering to the latter a materially false statement in writing respecting the financial condition of P. M. Undergarment Corp., and that such statement was one respecting his own financial condition.
 
 
 3
 After the hearing on the objections the Referee rendered an opinion and made findings and conclusions in which he held that the specifications were not sustained, and he made an order discharging the bankrupt. Appellee petitioned for a review of the Referee's order. The District Court sustained the petition, reversed the Referee's order and denied the bankrupt's discharge.
 
 
 4
 Sec. 14, sub. c(3), Bankruptcy Act, 11 U.S.C.A., Chap. 3, Sec. 32, sub. c(3), is to the effect that the court shall grant the discharge unless satisfied that the bankrupt has obtained money or property on credit by making in any manner whatsoever a materially false statement in writing respecting his financial condition.
 
 
 5
 There seems to be no issue that the statement made by P. M. Undergarment Corp. under the signature of the bankrupt as president and supplied to the Cantor Greenspan Co., reciting the financial condition and physical inventory of P. M. Undergarment Corp. on and as of June 30, 1952, was a materially false statement. So the critical question in this proceeding is whether the false statement thus made was in fact a recital of the bankrupt's financial condition. It is no longer possible for a bankrupt to set up a smoke-screen so as to obscure the realities. Marcus was the owner of the Undergarment Corp. and made this materially false statement to get credit, knowing the statement to be false. It seems idle for him to contend that that has no bearing on the instant proceeding. In Judge Bryan's opinion he wrote [149 F.Supp. 503]:
 
 
 6
 "The statement as to the corporate financial condition and the statement as to Marcus' financial condition were one and the same thing. Reliance on this false statement resulted in P. M. Undergarment obtaining property on credit which, because of Marcus' sole ownership and control of that corporation, was for his exclusive financial benefit. To split the single false financial statement which was issued into two separate statements, one on which Cantor Greenspan relied, and the other on which it did not rely, is to create a fiction which disregards the very reason for holding it to be the statement of both. It disregards the realities which are that Marcus by making false representations with respect to an element of his own property, was, by that fraud, enabled to add value to that element of his property."
 
 
 7
 We entirely concur with that observation, and it necessarily followed that Judge Bryan was correct in his conclusion of law that:
 
 
 8
 "The bankrupt obtained property on credit by making a materially false statement in writing respecting his financial condition, within the meaning of Section 14, sub. c(3) of the Bankruptcy Act, where he obtained such property on credit for a corporation (of which he was the sole stockholder and principal officer and whose affairs he controlled) by making a materially false statement in writing respecting the financial condition of said corporation; and his discharge will be denied by reason of his said act where objection thereto is made by one who, as the trustee in bankruptcy of said corporation, is a judgment creditor of the bankrupt."
 
 
 9
 There is ample authority to support the conclusion which Judge Bryan drew. See Levy v. Industrial Finance Corporation, 276 U.S. 281, 48 S.Ct. 298, 72 L.Ed. 572; Wilensky v. Goodyear Tire & Rubber Co., 1 Cir., 67 F.2d 389, and In re Licht, D.C., 45 F.2d 844.
 
 
 10
 In Wilensky v. Goodyear Tire & Rubber Co., supra (a case arising after the 1926 amendment of the Bankruptcy Act), the bankrupt had been the owner of the stock of the corporation and had issued in the name of the corporation a false statement. Credit was extended to the corporation partly in reliance upon the false statement and partly in reliance upon the personal endorsement of the bankrupt. The court held that the false financial statement issued in the name of the corporation was a statement respecting the bankrupt's own financial condition which barred his discharge within the meaning of Section 14, sub. c(3). The court cited with approval In re Licht, supra, in which case the bankrupt issued a false statement in writing of the financial condition of a corporation of which he was the sole stockholder and thereby obtained property on credit. The bankrupt's discharge was barred because the statement issued was held to be a statement of the bankrupt's financial condition to the extent that the corporation was an element of his property holdings.
 
 
 11
 In the case at bar the District Court held that Marcus' financial condition was material to the inducement to obtain credit. Judge Bryan's opinion, 149 F.Supp. 496, is such that so far as the second specification is concerned we have nothing to add either as to the facts or the law (at pages 500-504).
 
 
 12
 In view of the foregoing we find it unnecessary to pass upon the holding below as to the first specification and otherwise affirm the order denying the petition seeking discharge.
 
 
 
 Notes:
 
 
 [1]
 As will be noted hereafter, the first specification of objection is by-passed in the opinion. It reads, in part, as follows:
 "In the course of a proceeding under the Act of Congress relating to bankruptcy, said Pincus M. Marcus, the above-named bankrupt, refused to answer material questions approved by the Court, in that, in a proceeding pending in the above-named Court under bankruptcy number 89271 and entitled `In the Matter of P. M. Undergarment Corp., Bankrupt' (of which corporation said Pincus M. Marcus was a director, sole stockholder, president and principal officer and the affairs of which were under his control), said Pincus M. Marcus refused to answer the * * * material questions put to him by the attorney for the trustee in bankruptcy of the estate of said P. M. Undergarment Corp., and approved by the Court, upon an examination of said Pincus M. Marcus at an adjourned first meeting of creditors of said P. M. Undergarment Corp., bankrupt, * *"